*697 TEXTO COMPLETO DE LA SENTENCIA
La recurrente, Stryker Corp. (en adelante, Stryker), nos solicita que revoquemos la resolución emitida y notificada por el Departamento de Salud (en adelante, Departamento o el recurrido) el 26 de junio de 2006. Mediante la misma, el Departamento confirmó la adjudicación de la Subasta Número DS-2006-73-D, a favor de Hospital Equipment Sales & Services (en adelante, Hospital Equipment), para la adquisición de equipo médico hospitalario. Conjuntamente con el recurso de revisión, Stryker presentó Moción en Auxilio de Jurisdicción, en la cual nos solicita que ordenemos la paralización de la adjudicación del contrato entre el recurrido y Hospital Equipment.
Por los fundamentos que expondremos, confirmamos la resolución recurrida, y declaramos no ha lugar la solicitud de auxilio de jurisdicción.
I
El 30 de enero de 2006, el recurrido emitió la invitación a subasta Número DS-2006-73-D para la adquisición de once camas para una unidad de intensivo, y sesenta camas regulares de hospital con sus respectivas mesas de noche y mesas para comer para el Hospital Universitario de Adultos. Del total de compañías invitadas, sólo seis sometieron propuestas. 
Así las cosas, el 6 de junio de 2006, el Director de la Oficina de Compras del Departamento, el señor Carlos Méndez Arvelo (en adelante, el señor Méndez), emitió el Aviso de Adjudicación con relación a la referida subasta. Mediante éste, adjudicó la misma a Hospital Equipment.
Insatisfecha con la aludida adjudicación, el 15 de junio de 2006, la recurrente presentó una solicitud de reconsideración ante la Oficina de Asesores Legales del recurrido. En esencia, alegó que la adjudicación de la subasta fue ilegal y ultra vires. A esos efectos, argumentó que no había tenido el beneficio de examinar el expediente administrativo en su totalidad. Además, adujo que el rechazo de su equipo constituia una actuación arbitraria y caprichosa por parte del Comité Central de Subastas del Departamento de Salud (en adelante, el Comité). Ello, por razón de que la especificación incluida en los pliegos de subasta sobre un “full upright chair position” en algunas camas, respondía a la intención manifiesta de beneficiar a Hospital Equipment. Señalaron que la mencionada compañía era la distribuidora exclusiva en Puerto Rico de la marca “Hill RonC , la única cama en el mercado que poseía el diseño requerido.
Asimismo, la recurrente alegó que el Comité que evaluó las propuestas y recomendó la adjudicación a favor de Hospital Equipment no estaba debidamente constituido, pues no tenía el número mínimo de tres miembros requeridos por el Reglamento 5.4 de la Administración de Facilidades y Servicios de Salud (en adelante, AFASS). También, señaló que el Aviso de Adjudicación no estaba bien fundamentado y adolecía de vicios que lo invalidaban al no contener las advertencias correctas y completas sobre el derecho a revisión judicial. Finalmente, solicitó que se declarara nula, inoficiosa y ultra vires la carta de notificación de adjudicación.
*698 Oportunamente, el recurrido se opuso a la referida reconsideración. En síntesis, el recurrido expresó que la determinación administrativa era válida. Fundamentó su contención en el caso Colón Torres v. A.A.A., 143 D.P.R. 119 (1997), que resolvió que la falta de advertencias tiene como consecuencia que los términos para acudir en alzada se interrumpen, y el resultado estaría sujeto a la doctrina de incuria.
De igual modo, , adujo que la recurrente y los demás licitadores conocían las especificaciones que debían poseer las camas objeto de la subasta, así como otras condiciones y términos pertinentes, pues constaban en la invitación a subasta. En virtud de ello, el recurrido solicitó a la agencia que ratificara la adjudicación de la subasta y que rechazara la reconsideración presentada por la recurrente. Asimismo, le solicitó que declarara la referida reconsideración frívola y que impusiera las penalidades correspondientes al Reglamento 5.4 de la AFASS.
Sometidas las controversias, el 26 de junio de 2006, la Oficial Examinadora, Liza M. Ramírez de Arellano, preparó un informe en el cual recomendó declarar sin lugar la solicitud de reconsideración presentada por la recurrente. En primer término, resolvió que la recurrente tuvo acceso al expediente, pues ésta obtuvo copia de los documentos que había solicitado. En segundo lugar, concluyó que el Comité tenía la autorización de la Secretaria de Salud para evaluar y adjudicar la subasta con un número de miembros menor al requerido por el Reglamento 5.4 de la AFA.SS. En tercer término, resolvió que no se violó el debido proceso de ley a la recurrente, toda vez que el Aviso de Adjudicación cumplía con las advertencias y la información necesaria requerida para el procedimiento de impugnación de subastas. Finalmente, resolvió que la primera página del Aviso de Adjudicación era explícita en cuanto a las razones para otorgar la subasta a Hospital Equipment. Asimismo, concluyó que del mencionado aviso se desprendían las razones para rechazar la propuesta de la recurrente.
La Secretaria de Salud, la Dra. Rosa Pérez Perdomo, acogió la recomendación de la Oficial Examinadora. Por consiguiente, en resolución emitida y notificada el 26 de junio de 2006, declaró no ha lugar la solicitud de reconsideración.
Jhconforme con la aludida determinación, oportunamente la recurrente presentó el recurso de revisión de autos, en el cual nos señala que el Departamento de Salud cometió los siguientes errores:

“Erró el Departamento de Salud al confirmar la adjudicación a Hospital Equipment a base de la recomendación realizada por el Comité Central de Subastas del Departamento de Salud, el cual estaba indebidamente constituido, por lo que su actuación es ultra vires y contraria a derecho. ”

Ni la Resolución del Departamento de Salud en cuanto a la Reconsideración por Stryker ni el Aviso de Adjudicación que propicia este caso, contienen una advertencia de derechos correcta y completa que advierta a los licitadores no agraciados del derecho a revisión judicial, por lo que están viciadas de nulidad.
El Comité Central de Subastas violó el principio de competitividad al celebrar la presente subasta con el único propósito de que Hospital Equipment pudiese incorporar a su propuesta los costos de flete y arbitrios que no incorporó en una subasta anterior en la que salió agraciado. Esto, toda vez que las especificaciones contenidas en los pliegos de la presente subasta “retrataban” el equipo de Hospital Equipment de manera que ningún otro lidiador pudiese cumplir con las especificaciones impropiamente requeridas.
Conjuntamente con el recurso de revisión, la recurrente presentó Moción en Auxilio de Jurisdicción, en la cual solicitó que ordenáramos la paralización de la adjudicación del contrato entre el recurrido y Hospital Equipment. Atendida dicha solicitud, ordenamos a la recurrente notificar la mencionada moción conforme a nuestro Reglamento. Asimismo, concedimos un plazo al recurrido para que se expresara sobre la referida moción.
*699 Luego de varias incidencias procesales, Hospital Equipment presentó Moción de Desestimación en la cual nos solicitó que denegáramos la petición de orden en auxilio de jurisdicción y que desestimáramos el recurso de revisión. La recurrente se opuso a la misma.
De igual modo, compareció el Departamento de Salud por conducto de la Oficina del Procurador General (en adelante, el Procurador) luego de que le concediéramos una prórroga para que fijara su posición en cuanto a la moción en auxilio de jurisdicción. En cumplimiento de nuestra orden, el Procurador presentó una moción en la que adujo que debía declararse académica la moción en auxilio de jurisdicción, pues el Departamento ya había autorizado las órdenes de compra de los equipos requeridos. La recurrente se opuso y el Departamento replicó. Posteriormente, la recurrente presentó una dúplica así como un alegato suplementario en respuesta al presentado por el Departamento.
Con el beneficio de las posiciones de las partes, procedemos a resolver.
II
La sana administración de un gobierno es una virtud de democracia, y parte de una buena administración implica llevar a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa. L.P.C. & D, Inc. v. A.C., 149 D.P.R. 869, 879-80 (1999); RBR Const., S.E. v. A.C., 149 D.P.R. 836, 848 (1999); Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 871 (1990).
De conformidad con lo anterior, los sistemas de subastas gubernamentales persiguen proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles. Dichos sistemas pretenden evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos así como minimizar los riesgos de incumplimiento. RBR Const., S.E. v. A.C., supra, página 849; Mar-Mol Co., Inc. v. Adm. Servicios Gens., supra, página 871; Justiniano v. E.L.A., 100 D.P.R. 334, 338 (1971). Existen, además, otros factores de igual importancia. Entre éstos se encuentran los siguientes: que las propuestas cumplan con las especificaciones de la subasta, la habilidad del licitador para realizar y cumplir con el contrato, la responsabilidad económica del licitador, y su reputación e integridad comercial. Continental Construction Corp. v. Municipio de Bayamón, 115 D.P.R 559 (1984). Así, ningún postor tiene derecho a quejarse cuando otra propuesta se elige bajo el fundamento de ser la más ventajosa, si dicha determinación se ha hecho a base del interés público. Great Am. Indemnity Co. v. Gobierno de la Capital, 59 D.P.R. 911, 916 (1942).
En particular, la adjudicación de subastas está regulada por la sección 3.19 de la Ley de Procedimiento Administrativo Uniforme (en adelante, LPAU), 3 L.P.R.A. sec. 2169. Dicha sección dispone que las subastas se regirán por procedimientos informales y que su reglamentación y términos serán establecidos por cada una de las agencias, quienes tendrán discreción para adoptar reglamentos sobre el procedimiento a seguir para las respectivas subastas. RBR Const., S.E. v. A.C., supra.
Cada reglamento debe incluir en particular los factores específicos que se han de utilizar para evaluar las propuestas de subastas. Entre los más reconocidos por la jurisprudencia se encuentran los siguientes: (1) que las propuestas sean conformes a las especificaciones de la subasta; (2) la habilidad del postor para realizar y cumplir con el contrato; y (3) la responsabilidad económica del licitador, su representación e integridad comercial, entre otros. C. Const. Corp. v. Mun. de Bayamón, 115 D.P.R. 559 (1984).
Por otra parte, en el proceso de revisión de una decisión emitida por una agencia administrativa, los tribunales de apelación han de concederle gran peso y deferencia a la decisión administrativa en vista de la experiencia y conocimiento especializado de la agencia. Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R. 70, 75 (2000); Agosto Serrano v. F.S.E., 132 D.P.R. 866, 879 (1993). Debemos también tener presente que los *700 procedimientos y decisiones de un organismo administrativo tienen a su favor una presunción de corrección y regularidad, la cual debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla. Pérez v. VPH Motor Corp., 152 D.P.R. 475, 490-491 (2000); Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987); M. & B.S., Inc. v. Departamento de Agricultura, 118 D.P.R. 319, 331 (1987). Por eso, los tribunales debemos ser cautelosos al intervenir con las determinaciones de organismos administrativos. Viajes Gallardo v. Clavell, 131 D.P.R. 275, 289-290 (1992). Además, debemos otorgarle deferencia a las mismas si están sostenidas por evidencia sustancial que conste en el expediente administrativo. Rivera Concepción v. A.R.P.E., 152 D.P.R. 116, 123 (2000); Pérez v. VPH Motor Corp., supra, página 491; Mun. de San Juan v. J.C.A., 152 D.P.R. 673, 688 (2000); P.R.T.C. v. Unión Independiente de Empleados Telefónicos, 131 D.P.R. 171, 211 (1992). Se entiende por evidencia sustancial aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". Asoc. Vec. H. San Jorge v. U. Med. Corp., supra, página 75; Hilton Hotel v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953).
III
En el primer señalamiento, la recurrente sostiene que erró el Departamento al confirmar la recomendación de adjudicación que llevó a cabo el Comité, pues éste estaba indebidamente constituido. Alega que ello constituyó una actuación ultra vires y contraria a derecho.
El Reglamento 5.4 de la AFASS en su Artículo XIII de la Parte 3, dispone que el Secretario de Salud designará un Comité Central de Subasta que estará compuesto por cinco funcionarios, oficiales, representantes y/o agentes de la AFASS y/o el Departamento. Asimismo, como parte de sus funciones y facultades, el referido Comité deberá suscribir un Informe de Recomendación de Adjudicación de la subasta dirigido al Director Ejecutivo. Dicha recomendación deberá ser avalada por al menos tres de los miembros del Comité. A tales efectos, la recurrente argumenta que la Secretaria no debió confirmar la recomendación del Comité en el caso de autos, toda vez que el informe lo elaboraron dos miembros.
Sin embargo, precisa señalar que consta en autos una comunicación escrita, fechada el 31 de octubre de 2005, dirigida a la Secretaria, en la cual el Director de la Oficina de Compras, el señor Méndez, solicitó una dispensa. Explicó que en ese momento, el Comité estaba compuesto por sólo dos miembros; que el posible tercer miembro, el Dr. Raúl Castellanos, declinó el nombramiento que se le extendió; y que la Oficina de Compras confrontaba dificultad para reclutar miembros adicionales. El señor Méndez aludió a una cláusula de salvedad contenida en el Reglamento 5.4 de la AFASS. En específico, dicha cláusula establece que:

“[cjualquier asunto no cubierto por este Reglamento será resuelto por el Secretario(a) de Salud en conformidad con las leyes, reglamentos, órdenes ejecutivas aplicables y en todo aquello que no esté previstas en las mismas se regirá por las normas de la sana administración pública y los principios de austeridad. ” 

Por tal motivo, el Director de la Oficina de Compras solicitó a la Secretaria que exoneraran del requerimiento de un número mínimo de miembros a varias subastas que estaban en listas para evaluación y aprobación del Comité. Igualmente solicitó dispensa para aquellas subastas que surgieran en lo sucesivo, hasta que el Comité tuviera la cantidad reglamentaria de miembros. 
Es menester destacar que el Departamento, en su oposición a la reconsideración, reconoció la dificultad que ha enfrentado para reclutar personal para el mencionado Comité. Expuso que ser miembro del mismo no conlleva ningún beneficio o ingreso adicional. Explicó que ello implica responsabilidades adicionales a las del puesto usual que tienen los empleados del Departamento. Indicó que, por tales razones, era sumamente difícil contar con la cantidad de miembros requeridos por el reglamento. Finalmente, sostuvo que la labor de reclutamiento no se había detenido y añadió que la única alternativa disponible en ese momento era autorizar la adjudicación de las subastas con las firmas de los únicos dos miembros. 
*701 Luego de un estudio del Reglamento 5.4 de la AFASS, concluimos que éste explícitamente no dispone qué hacer cuando el Comité, por razones fuera de su alcance, no cuenta con el número mínimo de miembros requeridos para suscribir su informe. Por ende, es necesario acudir a la mencionada cláusula de salvedad que en asuntos no cubiertos por el Reglamento permite a la Secretaria regirse por “la sana administración pública y los principios de austeridad. ” 
En atención a lo anterior, resolvemos que en el caso de autos la Secretaria actuó correctamente, conforme a su facultad discrecional, al autorizar la subasta impugnada con las firmas de los dos únicos miembros del Comité. Ello, pues el propósito era no detener el proceso de adquisición de bienes y servicios para el Departamento. Por tanto, no se cometió el error señalado.
IV
En el segundo señalamiento, la recurrente plantea que el Departamento incidió al no advertir del derecho a la revisión judicial en la carta de adjudicación o en la resolución que resolvió la reconsideración. Veamos.
En la parte VI del Aviso de Adjudicación se provee la siguiente información:

“Se le advierte a las partes afectadas en esta adjudicación de la Subasta que tiene [sic] derecho a solicitar revisión de la misma, disponiéndose que podrá dentro del término de diez (10) días desde la fecha de adjudicación de la Subasta presentar una Moción de Reconsideración ante la Oficina de Asesores Legales del Departamento de Salud... Para detalles adicionales respecto al procedimiento de impugnación, favor de referirse al Reglamento 5.4 Revisado el 17 de enero de 1996, para regular las Compras de esta Administración. ” 

En ese tenor, el Reglamento 5.4 de la AFASS, en su Artículo XXVII de la Parte 3, establece que el referido Aviso de Adjudicación debe indicar que un licitador no agraciado puede “presentar una moción de reconsideración al amparo de la Sección 3.19 de la Ley Núm. 170 del 12 de agosto de 1988, según enmendada y las disposiciones de este Reglamento en el término de 10 días a partir de la fecha de la notificación de la adjudicación.” Conforme puede observarse, no existe una mención específica en cuanto el derecho que tienen las partes a la revisión judicial.
Por otro lado, la resolución recurrida incorrectamente otorga advertencias al tenor de la sección 3.15 de la LPAU, 3 L.P.R.A. 2165, la cual establece, en síntesis, que las partes poseen 20 días para solicitar reconsideración y 15 días para solicitar la revisión judicial. Sin embargo, el término para solicitar la reconsideración ante una agencia o entidad apelativa de subastas es de diez días a partir de la adjudicación de la subasta. 3 L.P.R.A. see. 2169. La sección 3.19 dispone que la agencia deberá considerar la mencionada moción dentro de los diez días de haberse presentado la misma. Asimismo, preceptúa que si la agencia toma alguna determinación en su consideración “el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la decisión de la agencia o la entidad apelativa resolviendo la moción. Si la agencia o la entidad apelativa dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que ésta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. ” 3 L.P.R.A. see. 2169.
Ahora bien, es menester señalar que al tenor de lo resuelto por el Tribunal Supremo en Colón Torres v. A.A.A., 143 D.P.R. 119, 124 (1997), cuando a una parte no se le notifican sus derechos y los plazos para ejercer los mismos, el término dentro del cual deberá interponerse el recurso correspondiente estará sujeto a la doctrina de incuria. Nuestro más Alto Foro ha definido el referido concepto como la “dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad”. Aponte v. Srio. de Hacienda, E.L.A.,
*702 125 D.P.R. 610, 618 (1990).
En el recurso de epígrafe, el Aviso de Adjudicación no postuló expresamente el plazo dispuesto para una revisión judicial, sino que se limitó a establecer el término para presentar una reconsideración. Asimismo, luego de una lectura de la resolución recurrida, notamos que ésta detalla unos plazos incorrectos e inaplicables para la revisión judicial de una subasta. De este modo, los términos para acudir en reconsideración y revisión no comenzaron a decursar. Por consiguiente, debemos evaluar el recurso ante nos al tenor de la doctrina de incuria.
En primer lugar, el Aviso de adjudicación se emitió y notificó el 6 de junio de 2006. La recurrente solicitó reconsideración dentro de los diez días provistos por el Reglamento 5.4 de la AFASS y la LPAU, específicamente el 15 de junio de 2006. De igual modo, el recurso de revisión se presentó ante nos el 6 de julio de 2006, diez días después de la notificación de la resolución recurrida de 26 de junio de 2006. De haber hecho las correspondientes advertencias conforme a la LPAU y al reglamento de la AFASS, el plazo para acudir en alzada mediante revisión judicial vencía precisamente el día en que se presentó el caso en revisión. Así pues, en ambas instancias, tanto en solicitud de reconsideración como en la revisión judicial no existió dilación, dejadez o negligencia de parte de la recurrente. Tampoco el recurrido ha alegado que atender el caso acarree algún menoscabo, perjuicio o desventaja. Asimismo, destacamos que la reconsideración del Aviso de Adjudicación demuestra que la recurrente tuvo la oportunidad de ser oída y defender sus planteamientos. Por tal motivo, resolvemos que tenemos jurisdicción para entender en este asunto. No se cometió el segundo error.
y
En su tercer señalamiento, la recurrente sostiene que el Comité Central de Subastas violó el principio de competitividad al celebrar una subasta con el único propósito de que Hospital Equipment pudiese incorporar a su propuesta los costos de flete y arbitrios que no había integrado a una propuesta anterior en la que salió agraciado. Alega que las especificaciones contenidas en los pliegos de la subasta “retrataban” las especificaciones del equipo de Hospital Equipment para que ningún otro licitador pudiera cumplir con dichos requerimientos. No le asiste la razón.
Precisa señalar que es principio reiterado en nuestra jurisdicción que la función revisora con respecto a los órganos administrativos es de carácter limitado. En el caso de autos, el Departamento es quien posee la pericia, experiencia y especialización para determinar qué equipo era el más conveniente según las necesidades del hospital.
Reiteramos que el principio de competencia en las subastas es que el Estado consiga que se lleve a cabo una obra al precio más bajo posible. A.E.E. v. Maxon Servs., Inc., 163 D.P.R. _ (2004), 2004 J.T.S. 199. Conforme a ello, la agencia, en el ejercicio de su discreción, aprueba un reglamento en el que se esbozan las guías y el procedimiento para las referidas subastas.
En el caso de epígrafe, en el informe de la Oficial Examinadora acogido por la Secretaria, consta que una subasta anterior con el número DS-2005-26MQ, con igual propósito que la de autos, se adjudicó a Hospital Equipment. No obstante, se explica que luego de solicitar la certificación el Departamento, se dio cuenta que el precio del flete y los arbitrios no estaban incluidos en la propuesta. A esos efectos, se abrió la subasta que es objeto de la presente controversia. El informe de la Oficial Examinadora estableció que si se hubiese querido favorecer a Hospital Equipment, el Departamento en su momento, hubiera efectuado los pagos por los fletes y arbitrios.
Habida cuenta de ello, el Departamento estableció unas especificaciones para los equipos médico hospitalarios. Entre éstos, la agencia determinó que las camas en el “full upright position”, es decir, la posición en la que se está “enteramente sentado ” era el diseño más adecuado para las camas de intensivo. Consta en la evaluación del Comité que la aludida posición es imprescindible para proveer una adecuada y satisfactoria *703 recuperación al paciente. Además, se indicó que no proveer la aludida opción en el equipo, redundaría en lesiones ocupacionales en el personal de enfermería. A esos fines, y según las especificaciones, términos, condiciones y precio, Hospital Equipment era el mejor postor.
Luego de estudiar el recurso ante nuestra consideración conforme lo antes señalado, resolvemos que no poseemos prueba alguna que desacredite la adjudicación de la agencia a favor de Hospital Equipment, compañía que evidentemente cumplió con todos los requerimientos según surgen de los pliegos de la subasta. Además, la recurrente no nos ha puesto en posición de resolver que el Departamento actuó de forma arbitraria o caprichosa. Por lo anteriormente esbozado, no se cometió el tercer error.
VI
Por los fundamentos expresados, confirmamos la resolución emitida por el Departamento de Salud el 26 de junio de 2006 y notificada en igual fecha. Asimismo, se declara no ha lugar la solicitud en auxilio de jurisdicción.
Notifíquese inmediatamente vía facsímil o teléfono y por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 10
1. UMECO, Inc., Hospital Equipment, Medical Biotronics, Inc., Universal Care, Corp., Borschow Hospital & Medical Supplies y Sly.
2. No surge del escrito que se hubiese cumplido con el requisito de notificación simultánea que dispone la Regla 79(E) del Reglamento del Tribunal de Apelaciones. 32 L.P.R.A. Ap. XXII-B, R. 79 (E).
3. Artículo XXV, Parte 3 del Reglamento 5.4 de la AFASS.
4. Artículo II, Parte 8, del Reglamento 5.4 de la AFASS.
5. Apéndice del recurso, págs. 74-75.
6. íd., págs. 23-24.
7. Artículo II, Parte 8, del Reglamento 5.4 de la AFASS.
8. Apéndice del recurso, pág. 41.
9. El Artículo IV de la Parte 6 del Reglamento 5.4 de la AFASS establece que la Oficina de Asesores Legales referirá la moción de reconsideración al Oficial Examinador designado para atender la mencionada moción, quien a su vez, deberá considerar la misma dentro del plazo o a su discreción, celebrar una vista. Si la rechaza de plano o no actúa dentro del término dispuesto, el solicitante podrá requerir una revisión judicial en el término de 10 días. Además, se expone que el término para solicitar la revisión judicial comenzará a contarse desde la notificación de la denegatoria o desde que expire el plazo de 10 días anteriormente indicado. De igual modo, si el Oficial Examinador acoge la mencionada moción o toma alguna consideración al respecto, el término comenzará a transcurrir una vez archivada en autos la copia de la notificación de la resolución en la que se resuelva definitivamente la mencionada moción. Finalmente, se señala que “la presentación-oportuna de la Moción de Reconsideración es un requisito de carácter jurisdiccional para poder solicitar revisión judicial, conforme a las disposiciones de la Ley Núm. 170 del 12 de agosto de 1988, según enmendada. ”
*704 10. Apéndice del recurso, pág. 122.