Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| ANGÉLICA M. SANTOS ROSADO<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrida | KLRA202400408 | Revisión procedente de la Junta de Adjudicativa del Departamento de la Familia<br><br>Sobre: Reclamación<br><br>Núm.: 2024PPAN00027 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece la Sra. Angélica M. Santos Rosado (señora Santos Rosado o recurrente) y solicita que revoquemos una *Resolución* emitida y archivada el 6 de junio de 2024 por la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa del DF o recurrida).[1] Mediante dicha determinación, la recurrida desestimó con perjuicio una apelación administrativa solicitada por la recurrente al entender que la misma se presentó tardíamente.

Por los fundamentos que expondremos a continuación, se revoca la determinación del foro administrativo apelativo.

**I.**

Surge del expediente ante nuestra consideración que el 11 de septiembre de 2023, la Administración para el Desarrollo Socioeconómico de la Familia (ADSEF) emitió una carta a la señora Santos Rosado, informándole que se le estaría realizando deducciones mensuales de su salario hasta el pago total de $29,207.72 por concepto de cobro indebido del Programa de

---

[1] Apéndice del *Recurso de Revisión*, Anejo IV, págs. 19-21.

Asistencia Nutricional (PAN) desde abril de 2018 hasta febrero de 2023.[2]

Inconforme, el 28 de septiembre de 2023, la recurrente presentó una *Apelación* ante la Junta Adjudicativa del DF.[3] En esta, la señora Santos Rosado esgrimió que se le comenzó a realizar deducciones de su salario por presuntamente recibir beneficios indebidos del PAN, sin haber culminado un proceso de investigación ni habérsele notificado acción alguna en su contra. Por lo anterior, le solicitó a la Junta Adjudicativa del DF que se verificara la evidencia presentada por la recurrente y que se paralizara la deducción salarial hasta tanto se le aclarase el asunto.

El 6 de junio de 2024, la Junta Adjudicativa del DF emitió y archivó una *Resolución*,[4] en la que desestimó con perjuicio la apelación ante el fundamento de que se presentó tardíamente. El foro administrativo apelativo estableció que, a tenor con el Artículo 12 del *Reglamento para Establecer los Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia*, Reglamento Núm. 9491, Departamento de Estado, 24 de agosto de 2023, la señora Santos Rosado tenía quince (15) días calendarios para presentar su apelación, contados a partir de la fecha de la notificación de la carta enviada por la ADSEF. Dispuso que dicho término venció el 26 de septiembre de 2023, mientras la recurrente presentó su recurso el 28 de septiembre de 2023.

Insatisfecha, el 11 de junio de 2024, la señora Santos Rosado presentó una carta de reconsideración ante la Junta Adjudicativa del DF.[5] Entre otros asuntos, la recurrente alegó que no fue debidamente notificada sobre la acción tomada por la ADSEF ni estaba enterada de que había un proceso investigativo en su contra. Manifestó que

---

[2] *Íd.*, Anejo I, págs. 1-2.
[3] *Íd.*, Anejo III, págs. 4-18.
[4] *Íd.*, Anejo IV, págs. 19-21.
[5] *Íd.*, Anejo V, pág. 22.

luego de recibir la carta del 11 de septiembre de 2023, realizó esfuerzos infructuosos para lograr comunicarse con las oficinas del DF en Caguas. Arguyó que, al ser estudiante y cualificar para los beneficios del PAN hasta que comenzó a trabajar en marzo de 2023, no entendía la razón para facturarle el dinero que la agencia alegó haber obtenido indebidamente. Particularizó que ante la poca comunicación, solicitó que la Junta Adjudicativa del DF le aclarara la situación de manera justa.

Posteriormente, el 28 de junio de 2024, la Junta Adjudicativa del DF emitió y notificó una *Resolución en Reconsideración*, en la que declaró No Ha Lugar la solicitud de reconsideración.[6]

No conforme, el 29 de julio de 2024, la señora Santos Rosado presentó un *Recurso de Revisión*, en el que planteó que la Junta Adjudicativa del DF incidió en cometer el siguiente error:

> ERR[Ó] LA JUNTA ADJUDICATIVA DEL DEPARTAMENTO DE LA FAMILIA AL DESESTIMAR POR FALTA DE JURISDICCIÓN LA APELACIÓN PRESENTADA.

En síntesis, la recurrente señaló que la ADSEF no le brindó ninguna de las garantías que le cobijaba, a tenor con el debido proceso de ley, previo a la determinación de deducir de su salario la presunta deuda por los beneficios del PAN. Indicó que la carta que le fuera remitida el 11 de septiembre de 2023 carece de los requisitos de notificación adecuada. A saber, apuntó que la referida comunicación no expuso la razón de la determinación de la deuda por concepto de pagos indebidos del PAN ni le notificó el término ni el foro donde podía solicitar reconsideración o apelación. Puntualizó que la agencia no ha culminado la investigación pero, aún así, determinó que existía una deuda y comenzó deducirle dinero. A su vez, arguyó que erró la Junta Adjudicativa del DF al declararse sin jurisdicción, toda vez que ni tan siquiera había comenzado a decursar

---

[6] *Íd.*, Anejo VI, pág. 23.

término alguno en su contra. Por ello, solicitó que revoquemos la determinación de la Junta Adjudicativa del DF y ordenemos que la ADSEF cese de retenerle dinero.

Por su parte, la Oficina del Procurador General de Puerto Rico, en representación del DF, estableció que la carta emitida el 11 de septiembre de 2023 por la ADSEF es silente en cuanto al debido apercibimiento del derecho a solicitar revisión administrativa ante la Junta Adjudicativa del DF y sobre el término que la señora Santos Rosado contaba para ello. Reconoció que el derecho a apelar una decisión administrativa y su notificación son garantías mínimas del debido proceso de ley aplicables al procedimiento administrativo. Asimismo que, una vez una agencia promulga un reglamento para facilitar su proceso decisional y limitar el alcance de su discreción, viene obligada a observarlo estrictamente. La Oficina del Procurador General estableció que procede devolver el caso a la Junta Adjudicativa del DF para que determine si medió incuria en la presentación de la apelación o a ADSEF para que emita una nueva notificación de forma correcta.

En atención al error señalado, procedemos a exponer la normativa jurídica atinente a este recurso.

**II.**

**A. Revisión judicial**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9671-9677 (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. *Gobierno PR v. Torres Rodríguez*, 210 DPR 891, 907 (2022); *Cordero Vargas v. Pérez Pérez*, 198 DPR 848, 857 (2017). Por virtud de la revisión judicial, el Tribunal de Apelaciones puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo o una agencia administrativa. Artículo 4.006(c) de la *Ley de la Judicatura*, Ley Núm.

201-2003, según enmendada, 4 LPRA sec. 24y. El objetivo de este recurso es asegurar que el organismo administrativo actuó de conformidad con el poder delegado y la política legislativa. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Ahora bien, los tribunales apelativos debemos otorgarles deferencia a las determinaciones de los organismo administrativos, puesto que poseen la experiencia y el conocimiento especializado sobre el asunto que se le delegó. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Por ello, las determinaciones del organismo administrativo gozan de una presunción de legalidad y corrección que subsiste mientras la parte que impugne la decisión administrativa demuestre que las determinaciones de hechos no están basadas en el expediente o que las conclusiones de derecho son irrazonables. *OEG v. Martínez Giraud, supra*, pág. 89.

En tal virtud, la revisión judicial está cimentada en el criterio de razonabilidad de la actuación administrativa. *Hernández Feliciano v. Mun. Quebradillas, supra*; pág. 115; *Torres Rivera v. Policía de PR, supra*. A saber, los foros apelativos estamos limitados a evaluar tres (3) aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos se sostienen por evidencia sustancial contenida en el expediente administrativo, y (3) si las conclusiones de derecho de la agencia se sostienen. *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra*, págs. 626-627; *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).

Los foros revisores sostendremos las determinaciones de hechos de las decisiones de la agencia, si están basadas en evidencia

sustancial que obra en el expediente administrativo. Sec. 4.5 de LPAUG, *supra,* sec. 9675. La evidencia sustancial es aquella que una mente razonable podría aceptar como adecuada para sostener una conclusión. *OEG v. Martínez Giraud, supra*, pág. 90. Por otro lado, las conclusiones de derecho de la agencia serán revisables en todos sus aspectos. Sec. 4.5 de LPAUG, *supra,* sec. 9675. Sin embargo, los foros apelativos debemos otorgarle peso a la interpretación de la agencia sobre aquellas leyes que les corresponde aplicar. *Hernández, Álvarez v. Centro Unido,* 168 DPR 592, 615 (2006). Esto, puesto que "las agencias administrativas son instrumentos necesarios para la interpretación de la ley". D. Fernández Quiñones, *op. cit.,* pág. 716. De esta forma, la revisión judicial se circunscribirá a determinar si la interpretación del organismo administrativo fue razonable, a la luz de las pautas establecidas por el legislador. *Hernández, Álvarez v. Centro Unido, supra*, pág. 616. Si la interpretación de la agencia fue razonable, aun cuando no sea la única, los tribunales le otorgaremos deferencia. *Íd.* No obstante, la deferencia a la interpretación de la agencia no significa que los foros judiciales renunciaremos a nuestra función revisora, ya que debemos diferir cuando el organismo administrativo (1) erró al aplicar la ley; (2) actuó de forma arbitraria, irrazonable o ilegal, o (3) lesionó derechos constitucionales fundamentales. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra*, pág. 628; *Fuertes y otros v. ARPe,* 134 DPR 947, 953 (1993).

Por último, las cuestiones mixtas de hechos y de derecho se considerarán como cuestiones de derecho, por lo que serán revisables en toda su extensión. *Super. Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *Rivera v, A&C Development Corp.,* 144 DPR 450, 461 (1997).

### B. Debido proceso de ley

La Carta de Derechos de la Constitución de Puerto Rico dispone que ninguna persona será privada de su libertad o propiedad

sin un debido proceso de ley. Const. PR, Art. II, Sec. 7, LPRA, T. I. El debido proceso de ley se manifiesta en su vertiente procesal y sustantiva. *Rivera Santiago v. Srio. de Hacienda,* 119 DPR 265, 273 (1987).

Al amparo del debido proceso de ley sustantivo, los tribunales estamos llamados a examinar "la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas". *Rivera Rodríguez & Co. v. Stowell Taylor,* 133 DPR 881, 887 (1993). Mientras, en la vertiente procesal, debemos examinar que la privación de los derechos propietarios y liberatorios se haya realizado mediante un proceso justo y equitativo. *Íd.*, pág. 888; *PVH Motor v. ASG,* 209 DPR 122, 130 (2022); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 394 (2018).

Las garantías del debido proceso de ley que el Estado debe salvaguardar se han extendido a los organismos administrativos cuando interfieren con la vida, propiedad o libertad de una persona. *PVH Motor v. ASG, supra*, pág. 131; *Báez Díaz v. ELA,* 179 DPR 605, 623 (2010). Sin embargo, los procedimientos administrativos adjudicativos no tienen la misma rigidez que los judiciales. *Román Ortiz v. OGPe,* 203 DPR 947, 954 (2020); *PVH Motor v. ASG, supra*; *Álamo Romero v. Adm. de Corrección,* 175 DPR 314, 329 (2009). Por ello, las agencias deben proveer las garantías mínimas del debido proceso de ley. *Íd.* A saber, la Sección 3.1 de la LPAUG, *supra*, sec. 9641, dispone que en todo procedimiento adjudicativo formal, la agencia salvaguardará el derecho a una notificación oportuna de los cargos, las querellas o los reclamos en contra de una parte; a presentar evidencia; a una adjudicación imparcial, y a que la decisión esté basada en el expediente.

Es norma reiterada que "[e]l deber a notificar a las partes una decisión administrativa de forma adecuada y completa no constituye un mero requisito, sino que va más allá debido a que una notificación

insuficiente puede incluso provocar consecuencias adversas a la sana administración de la justicia". *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736-737 (2010); *Olivo v. Srio. De Hacienda*, 164 DPR 165, 178 (2005). Mediante una notificación adecuada, las partes pueden advenir en conocimiento real de la decisión tomada y pueden determinar si ejercerán o no los remedios concedidos por ley. *Picorelli López v. Depto. de Hacienda, supra*, pág. 737; *Asoc. Vec. Altamesa Este v. Mun. de San Juan*, 140 DPR 24, 34 (1996).

Cónsono con lo anterior, la Sección 3.14 de la LPAUG, *supra*, sec. 9654, dispone que en una orden o resolución final, la agencia deberá advertir sobre el derecho a solicitar la reconsideración o de instar un recurso de revisión en el Tribunal de Apelaciones con expresión de los términos correspondientes. Cumplido con este requisito, comenzarán a decursar dichos términos. *Íd.* Por ello, cuando a la parte afectada no se le notifican tales derechos ni el término para ejercerlos, no comenzará a decursar el término para recurrir a los mecanismos posteriores a dicha determinación administrativa. *Maldonado v. Junta Planificación*, 171 DPR 46, 57-58 (2007); *Colón Torres v. AAA*, 143 DPR 119, 124 (1997). Pues, "[l]os remedios posteriores a ese dictamen provistos por reglamentos y estatutos forman parte del debido proceso de ley y la falta de notificación adecuada puede impedir que se procuren tales remedios, enervando así las garantías del debido proceso de ley". *Comisión Ciudadanos v. GP Real Property*, 173 DPR 998, 1015 (2008); *Mun. de Caguas v. AT&T*, 154 DPR 401, 414 (2001). En protección de lo anterior, no se puede imponer un término jurisdiccional para recurrir a una determinación administrativa a una parte que no fue notificada conforme a derecho. *Comisión Ciudadanos v. GP Real Property, supra*.

**C. ADSEF**

El Artículo 3 de la *Ley Orgánica del DF*, Ley Núm. 171 de 30 de junio de 1968, según enmendada, 3 LPRA sec. 211b, establece que el

DF será la agencia responsable de llevar los programas dirigidos a la solución o mitigación de los problemas sociales de Puerto Rico, por lo que llevará a cabo distintas actividades de ayuda económica directa relacionadas al mejoramiento social de los individuos, las familias y las comunidades. Por otro lado, el *Plan de Reorganización del DF*, Plan-1-1995, según enmendado, 3 LPRA Ap. XI, sec. III, dispuso que el DF está a cargo de los programas gubernamentales que faciliten la restauración de la capacidad de autosuficiencia de las familias y las personas, su integración al sistema social de manera productiva y el mejoramiento de su calidad de vida. A su vez, al DF tiene la encomienda de establecer los requisitos, las normas y los procedimientos para imponerle responsabilidades a los beneficiarios de cualquier tipo de asistencia económica gubernamental. *Íd.* Asimismo, al DF se le encargó la tarea de establecer y adoptar criterios uniformes para evaluar y determinar rápidamente la elegibilidad a los servicios de beneficencia social. *Íd.*

A esos fines, el DF promulgó el *Reglamento para Establecer las Normas de Elegibilidad del Programa de Asistencia Nutricional (PAN)*, Reglamento Núm. 8684, Departamento de Estado, 28 de diciembre de 2015. En el Artículo 8 de dicho Reglamento, se disponen las salvaguardas que la ADSEF garantizará en todos los procedimientos, siendo estos:

**A. Se informará al núcleo de servicio, mediante notificación oportuna, las acciones tomadas o la intención de tomar una acción y cada documento que emita la Administración relacionado a su caso.**

**B. Se garantizará que toda persona pueda presentar los documentos que apoyan la información que brinda al Programa y que se realice una evaluación imparcial en todas las solicitudes o casos.**

**C. Se tomarán las decisiones a base de lo que surge del expediente, la credibilidad que merezca la información provista por la persona solicitante o participante y recogida en visitas, leyes, reglamentos, órdenes ejecutivas y administrativas, las guías federales y estatales, los memorandos, comunicaciones y manuales de procedimientos y la jurisprudencia interpretativa.**

> **D. Se garantizará el derecho de toda persona que no esté de acuerdo con una determinación del Programa a presentar una apelación ante la Junta Adjudicativa y a solicitar reconsideración de la determinación de la Junta Adjudicativa y a solicitar la revisión judicial de la determinación final de la Junta Adjudicativa ante el Tribunal de Apelaciones.**
>
> **E. Se ofrecerá un servicio respetuoso, amable, eficiente, ágil y libre de discrimen.** (Énfasis nuestro).

El Reglamento Núm. 8684, *supra*, establece un procedimiento para una reclamación, que es la acción tomada por la ADSEF para recobrar los beneficios recibidos incorrectamente. Véase Art. 5(A)(60) y Arts. 69-74 del Reglamento Núm. 8684, *supra*. En lo que nos concierne, el Artículo 74 del Reglamento Núm. 8684, *supra*, dispone el procedimiento de reclamación y destión de cobro. A saber:

> A. En todos los casos en los que se determine que el núcleo de servicio o la institución recibió y/o utilizó beneficios a los que no tenía derecho, se establecerá una reclamación conforme a lo contenido en este capítulo.
>
> B. De proceder la reclamación, la gestión de cobro se hará a la persona encargada del núcleo de servicio, su cónyuge, cualquier integrante del núcleo de servicio, la persona que accedió los beneficios, su representante autorizado (a) o a la institución.
>
> C. La Administración enviará o entregará una notificación con la siguiente información:
>
> 1. **Motivo de la reclamación y el periodo que cubre la misma.**
> 2. **Clasificación de la reclamación.**
> 3. **Cantidad adecuada.**
> 4. **Compensación con beneficios retroactivos que redujo o saldó la deuda, si aplica.**
> 5. **Derecho a presentar una apelación ante la Junta Adjudicativa del Departamento y el término para hacerlo.**
>
> [...] (Énfasis nuestro).

En el Artículo 82 del Reglamento Núm. 8684, *supra*, se dispone que se garantizará el derecho de apelación que posee toda persona o institución que esté en desacuerdo con una notificación relacionada a su caso. Este derecho se puede ejercer a través de la Junta Adjudicativa del DF, mediante la presentación de una apelación dentro del término de quince (15) días contados a partir del envío de

la notificación. Véase Art. 83 del Reglamento Núm. 8684, *supra*, y Art. 12 del Reglamento Núm. 9491, *supra*.

De otra parte, conforme a la estado de derecho imperante en nuestra jurisdicción, cuando una agencia promulga unos reglamentos para facilitar su proceso decisional y liminar el alcance de su discreción, esta viene obligada a observarlos estrictamente y no queda a su irrestricta voluntad reconocer o no los derechos que extendió. *García Cabán v. UPR*, 120 DPR 167, 175 (1987).

**III.**

Conforme al tracto procesal reseñado, así como el derecho aplicable a este caso, nos corresponde revocar la determinación de la Junta Adjudicativa del DF de desestimar con perjuicio la apelación de la señora Santos Rosado por considerar que la había presentado tardíamente. De conformidad con el Artículo 74 del Reglamento Núm. 8684, *supra*, promulgado por el propio DF, cuando la ADSEF determine que una persona recibió beneficios del PAN a los cuales no tenía derecho, la agencia debe establecer un procedimiento de reclamación. De entender que dicha reclamación procede, ADSEF le debe enviar una notificación al beneficiario con el motivo de la reclamación y el periodo que cubre; la clasificación de la reclamación; la cantidad adecuada; la compensación con beneficios retroactivos que redujo o saldó la deuda, y el derecho que le cobija de presentar una apelación ante la Junta Adjudicativa del DF y el término para hacerlo. *Íd.*

Los hechos de este caso claramente revelan que la ADSEF realizó una notificación defectuosa en la que, mediante la carta de cobro de 11 de septiembre de 2023, adjudicó un resultado en ausencia de un procedimiento conforme a lo requerido en el Reglamento antes citado. Ello, con el agravante de que no le apercibió a la recurrente sobre su derecho a apelar ante la Junta Adjudicativa del DF y el término para hacerlo. El proceso efectuado y la carta

emitida por ADSEF no salvaguardaron las garantías mínimas del debido proceso de ley que le cobijaba a la señora Santos Colón, razón por la cual aún no había comenzado a decursar el término para recurrir ante la Junta Adjudicativa del DF. Erró el foro administrativo apelativo al entender que carecía de jurisdicción por la presentación tardía del recurso administrativo, y no percatarse de las carencias, sustantivas y procesales, en todo el trámite relativo a la aquí recurrente.

## IV.

Por los fundamentos que anteceden, se revoca la *Resolución* recurrida y se devuelve el caso a la ADSEF para que, conforme a lo dispuesto en su Reglamento reinicie, de así entenderlo necesario - y con todas las salvaguardas antes indicadas- cualquier procedimiento en contra de la recurrente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones