MIGUEL A. COLÓN TORRES, peticionario, *v.* AUTORIDAD DE ACUE-DUCTOS Y ALCANTARILLADOS DE PUERTO RICO, recurrido.

*Número:* CC-96-474          *Resuelto:* 15 de mayo de 1997

*Rigoberto Santiago Calderón,* abogado de la parte peticiona- ria; *Juan L. Romero Sánchez,* abogado de la parte recurrida.

PER CURIAM:

## I

El 3 de julio de 1992, la Directora Ejecutiva de la Autoridad de Acueductos y Alcantarillados (en adelante la Autoridad) envió una comunicación al aquí peticionario, Miguel A. Colón Torres, notificándole su intención de suspenderlo de empleo y sueldo por el término de treinta (30) días laborables.(¹) Inconforme, el peticionario presentó un escrito de apelación ante el Comité de Apelaciones de la Autoridad.

Tras los trámites de rigor, el 30 de mayo de 1995 el referido foro emitió una resolución para confirmar la determinación recurrida y certificar la notificación de su archivo en autos el 31 de mayo de 1995. A través de dicha resolución se advirtió a las partes de su derecho a solicitar la reconsideración dentro del término de veinte (20) días contados a partir del archivo en autos de la notificación emitida, y se les indicó que la presentación de tal reconsideración constituía un requisito jurisdiccional para poder solicitar una revisión judicial posterior.(²) Sin embargo, no surge del recurso ante nos que se advirtiera a las partes de su derecho a interponer dicha revisión judicial ni se les informó el término para así hacerlo.

Oportunamente, el 20 de junio de 1995, el peticionario presentó una moción de reconsideración ante el Comité de

---

(¹) Mediante dicha comunicación, se le imputaba haber violado el reglamento de personal correspondiente y haberse excedido en las atribuciones de su empleo en perjuicio del público, de la Autoridad de Acueductos y Alcantarillados (en adelante la Autoridad) y de otros empleados.

(²) Específicamente, la resolución emitida dispuso lo siguiente sobre el particular:

"Advertimos a las partes su derecho a solicitar reconsideración de esta Resolución en un término de veinte (20) días a partir del archivo en autos de la notificación de esta Resolución. La Moción de reconsideración es jurisdiccional para poder solicitar revisión judicial." Apéndice, pág. 30.

Apelaciones de la Autoridad. No obstante, dicho organismo administrativo no tomó acción sobre la moción presentada. Así las cosas, el 1ro de agosto de 1995 la Autoridad envió una comunicación al peticionario informándole que se procedería a poner en vigor la sanción de suspensión decretada, en vista de que el Comité de Apelaciones había declarado no ha lugar la apelación presentada.

No conforme, el 25 de agosto de 1995, el peticionario presentó un recurso de revisión administrativa ante el Tribunal de Primera Instancia, Sala Superior de San Juan. A tenor con lo dispuesto en el Art. 9.004 de la Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1a de 28 de julio de 1994, según enmendada, 4 L.P.R.A. sec. 22 *et seq.*, dicho recurso fue remitido al Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan. El 31 de julio de 1996, el Tribunal de Circuito de Apelaciones emitió una resolución en la que desestimaba el recurso por falta de jurisdicción. Específicamente, sostuvo dicho foro que el peticionario había acudido tardíamente al foro judicial, ya que la moción de reconsideración debió entenderse rechazada de plano al no haber sido acogida por el organismo administrativo dentro del término de quince (15) días dispuesto por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.[3] Concluyó que en vista de ello el término para recurrir en alzada había comenzado a transcurrir una vez vencido el referido término de quince (15) días. Sostuvo que el término para recurrir en alzada debió computarse a partir de

---

[3] En lo pertinente, la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2165), dispone lo siguiente:

"La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso."

5 de julio de 1995, habiendo vencido éste el 4 de agosto de 1995.

Aún inconforme, el 21 de agosto de 1996, el peticionario presentó una moción de reconsideración ante el Tribunal de Circuito de Apelaciones, en la que alegaba que el Comité de Apelaciones de la Autoridad no le había advertido en su resolución de su derecho a solicitar revisión judicial ni del término para llevar a cabo dicho trámite. Razón por la cual, a su entender, no podía concluirse que hubiese comenzado a transcurrir el término para recurrir en alzada. Tras evaluar dicha moción, el 28 de octubre de 1996, el referido foro dictó una resolución en reconsideración para reafirmar su determinación anterior. En esta ocasión, aunque sostuvo la desestimación decretada, concluyó que ésta procedía a tenor con la doctrina de incuria. Señaló que, aunque resultaba cierto que la agencia no había advertido al peticionario de su derecho a instar revisión judicial, éste había incurrido en demora injustificada al reclamar el defecto en la notificación emitida.

De dicha determinación acudió ante nos el peticionario, alegando que erró el foro a quo al desestimar su recurso a tenor con la doctrina de incuria. Luego de evaluar el recurso presentado, así como sus correspondientes documentos anejos, concedimos término a la Autoridad para que mostrase causa, si la hubiere, por la cual no debíamos revocar la resolución recurrida. Habiendo comparecido dicha parte, resolvemos según lo intimado.

II

En lo pertinente, la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2164, dispone que:

La orden o resolución [que dicte una agencia administrativa] advertirá el derecho de solicitar la reconsideración o revisión de

la misma, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.

■ Como podrá notarse, el texto de la ley dispone claramente que el organismo administrativo, en la determinación que tome, *tiene* que notificar a las partes los derechos procesales que les asisten. Deberá advertir, tanto el derecho a solicitar la reconsideración de la determinación tomada, como el derecho a solicitar revisión judicial, incluso los términos que tiene la parte para ello.

■ Más aún, a tenor con la disposición antes transcrita, y al amparo del debido proceso de ley,[4] resulta ineludible concluir que cuando a la parte afectada no se le notifican tales derechos, ni el término para ejercerlos, no comienza a transcurnr el término para recurrir en alzada. En dichos casos, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria. Véanse: *Pérez, Pellot v. J.A.S.A.P.,* 139 D.P.R. 588 (1995); *Rivera v. Depto. de Servicios Sociales,* 132 D.P.R. 240 (1992); *García v. Adm. del Derecho al Trabajo,* 108 D.P.R. 53 (1978).

■ La doctrina de incuria la hemos definido "como dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". *Aponte v. Srio. de Hacienda, E.L.A.,* 125 D.P.R. 610, 618 (1990). Sobre el particular, en *Pérez, Pellot v. J.A.S.A.P.,* supra, págs. 599–600 señalamos que:

---

[4] El derecho a presentar una revisión judicial de las decisiones administrativas es provisto mediante estatuto, por lo que forma parte del debido proceso de ley. En consecuencia, la falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la determinación decretada por el organismo administrativo, enervando así las garantías del debido proceso de ley. Véanse: *Asoc. Vec. Altamesa Este v. Mun. San Juan,* 140 D.P.R. 24 (1996); *Falcón Padilla v. Maldonado Quirós,* 138 D.P.R. 983 (1995); *Arroyo Moret v. F.S.E.,* 113 D.P.R. 379 (1982); *Berríos v. Comisión de Minería,* 102 D.P.R. 228 (1974).

...[E]n dicha doctrina no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso instado. [Citas omitidas]. Circunstancias tales como *"la justificación, si alguna, de la demora incurrida, el perjuicio que ésta acarrea, y el efecto sobre intereses privados o públicos involucrados"*. *Rivera v. Depto. de Servicios Sociales*, supra, pág. 247. Además, cada caso deberá ser examinado a la luz de sus hechos y circunstancias particulares. *García v. Adm. del Derecho al Trabajo*, supra. (Énfasis suplido.)

En el presente caso, una simple lectura de la resolución dictada por el organismo administrativo revela que, aunque se advirtió al peticionario de su derecho a solicitar reconsideración, y que dicha presentación constituía un requisito jurisdiccional para poder solicitar una revisión judicial posterior, no se le apercibió expresamente de su derecho a presentar tal revisión ni del término para llevar a cabo dicho trámite. Ello tuvo la consecuencia ineludible de que no comenzara a transcurrir el término para acudir en alzada, rigiendo entonces la doctrina de incuria.

No obstante, a la luz de la normativa antes expuesta, y ante los hechos particulares del caso de autos, no puede estimarse que el peticionario hubiese incurrido en incuria al presentar su recurso de revisión ante el Tribunal de Circuito de Apelaciones. Nótese que el término para acudir en revisión ante el referido foro apelativo vencía el *4 de agosto de 1995*, y el recurso fue presentado por el peticionario el *25 de agosto de 1995*. Somos del criterio que la dilación incurrida al presentar dicho recurso no fue una irrazonable. Más aún, no puede entenderse que la demora en que incurrió hubiese acarreado perjuicio a la parte recurrida o la hubiese puesto en desventaja. Tampoco se ha demostrado que existan intereses públicos o privados que puedan verse afectados.

Sobre este aspecto, el foro recurrido, al negarse a reconsiderar su dictamen desestimatorio, sustentó su decisión en el hecho de que el peticionario, en su recurso de revisión, no había invocado como error la notificación defec-

tuosa sino que adujo dicho error, por primera vez, en la moción de reconsideración instada. Igual fundamento señala la Autoridad en su comparecencia ante nos.

Sin embargo, tal planteamiento no nos convence. Ciertamente, el peticionario no incluyó el defecto en la notificación expresamente como un señalamiento de error en la petición de revisión presentada. No obstante, surge de dicho escrito, en el acápite referente a la resolución de la cual se apela, que el peticionario señaló que "[l]a resolución del Comité no cumplió con los términos de la Ley Núm. 170 en cuanto a la notificación de la resolución. *Cotto v. Dept. de Educación*, 95 J.T.S. 79".

## III

Por todos los fundamentos expuestos anteriormente, y a tenor con las circunstancias particulares del caso de autos, *concluimos que el tribunal apelativo tenía jurisdicción para entender en el recurso ante sí. Por consiguiente, se dictará sentencia revocatoria, devolviendo el caso al Tribunal de Circuito de Apelaciones, Circuito Regional I, para que dicho foro proceda a evaluar en sus méritos el recurso presentado.*

El Juez Asociado Señor Negrón García concurrió con el resultado sin opinión escrita. El Juez Presidente Señor Andréu García no intervino.