Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JC REMODELING, INC.<br><br>Recurrida<br><br>V.<br><br>JUNTA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>Recurrente | KLRA202400444 | Revisión Administrativa procedente de la Junta de Revisora de Subasta de la Administración de Servicios Generales del Gobierno de Puerto Rico<br><br>Casos Núm. JR-24-121<br><br>Sobre: Revisión Administrativa Subasta Formal Núm. 23J-08274 |

Panel integrado por su presidente, el Juez Sánchez Ramos, Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

-I-

El 9 de agosto de 2024 la Junta de Subastas de la Administración de Servicios Generales (la recurrente) compareció mediante el recurso de revisión judicial que nos ocupa a fin de que revisemos una Resolución emitida y notificada el 10 de julio de 2024 por la Junta Revisora de Subastas de la Administración de Servicios Generales (Junta Revisora o parte recurrida). En dicha determinación, la Junta Revisora concluyó que en el *Aviso de Adjudicación Enmendado de la Subasta Formal Núm. 23J-08274* emitido el 26 de abril de 2024 por la recurrente existían deficiencias en la notificación a los abogados de las partes, así como en el

contenido requerido en la adjudicación[1]. En su dictamen, la Junta Revisora concluyó que debido a las deficiencias antes expuestas "*no han comenzado a decursar los términos para presentar solicitudes de revisión. Se devuelve el caso a la Junta de Subastas para que notifique la Resolución de Adjudicación y la Tabla a las partes y sus abogados, garantizando así el debido proceso de ley a todas las partes, y que aquellos licitadores adversamente afectados puedan, de entenderlo prudente, decidir presentar un recurso de revisión*".[2]

A pesar del lenguaje anteriormente transcrito, la Junta Revisora advirtió a las partes que se consideraran adversamente afectadas por su determinación de su *derecho* de presentar un recurso de revisión judicial ante este Foro.

Así las cosas, el 22 de agosto de 2024 emitimos una Resolución concediéndole a la parte recurrida treinta (30) días para presentar su alegato. Ese mismo día una de las licitantes, *Master Roofing, Inc.*, presentó una solicitud de desestimación. En dicha comparecencia, alegó que la recurrente dejó transcurrir el término que tenía disponible para instar su recurso, por lo que carecíamos de jurisdicción para considerarlo.[3] El 26 de agosto de 2024 la recurrente compareció mediante un escrito en oposición a la referida solicitud de desestimación. Arguyó que previo a la aprobación de la Ley 153-2024 de 12 de agosto de 2024 el término jurisdiccional para

---

[1] A saber, la ausencia de una exposición de un resumen de las propuestas, y un análisis con las razones por las cuales fueron rechazadas las ofertas efectuadas relativas a la Invitación de Subasta Formal Núm. 23J-08274.

[2] Véase págs. 1-15 del Apéndice del recurso.

[3] En apretada síntesis, sostuvo que conforme a lo dispuesto en la Ley 48-2024, con la que se enmendaron varias disposiciones de la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", *infra*, y de la Ley 73-2019, según enmendada, conocida como "Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019", *infra*, y en la Ley 153-2024, que tuvo como fin enmendar la Sección 3.19 de la Ley 38-2017, *infra*, y los Artículos 4, 64 y 66 de la Ley 73-2019, *infra*, a los fines de conciliar los términos de revisión conforme a lo establecido en la Ley 48-2024, la parte adversamente afectada por una determinación de la Junta Revisora tiene un término jurisdiccional de 20 días calendario para presentar un recurso de revisión judicial ante este Tribunal. Según elaboró, toda vez que la determinación recurrida fue emitida y notificada el 10 de julio de 2024 y el recurso fue presentado el 9 de agosto de 2024, el mismo fue presentado tardíamente.

presentar el recurso de revisión judicial era de 30 días, por lo que en este caso recurrió a tiempo.

El 28 de agosto de 2024 *JC Remodeling, Inc.*, otro de los licitantes, presentó un escrito mediante el cual se unía a la solicitud de desestimación presentada por *Master Roofing, Inc.* Al día siguiente, *JC Remodeling, Inc.*, presentó una solicitud de orden en auxilio de jurisdicción en la que nos solicitó que ordenáramos a la recurrente notificar la Resolución de Adjudicación conforme instruido por la Junta Revisora.

Conforme a lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), considerada la naturaleza del asunto ante nuestra consideración, y en aras de promover el más justo y eficiente despacho del asunto ante nos, prescindimos de la comparecencia de la recurrida, por lo que dejamos sin efecto nuestra Resolución de 22 de agosto de 2024. Se adelanta, por fundamentos distintos a los argumentados en la moción de desestimación y en la moción en apoyo a esta, la desestimación del recurso por ausencia de jurisdicción.

-II-

-A-

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 y siguientes, establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor con la citada ley y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia fue dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.

Las exigencias de la Ley Núm. 73-2019, Ley Núm. 73-2019, según enmendada, 3 LPRA sec. 9831 y siguientes, conocida como la Ley de la Administración de Servicios Generales para la

Centralización de las Compras del Gobierno de Puerto Rico de 2019, también deben ser consideradas, pues regulan el proceso que dio origen al caso ante nuestra consideración. De entrada, hay que señalar que el omitir en el aviso de adjudicación de subasta la notificación a todas las partes participantes y obviar los requisitos del contenido de la notificación hace que la notificación adolezca de un error únicamente subsanable mediante una nueva notificación.

Ello, debido a que la Sección 3.14 de LPAU, 3 LPRA sec. 9654, establece que las determinaciones finales deben ser notificadas a las partes en el proceso administrativo. La Ley establece que la notificación debe advertir el derecho de las partes a solicitar reconsideración ante la agencia o instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho y tiene que indicar todos los foros a los que puede recurrir la parte adversamente afectada. Además, expresamente se dispone que los referidos términos no comenzarán a transcurrir hasta que la agencia administrativa haya cumplido con estos requisitos. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008).

El Tribunal Supremo ha aclarado que no se pueden oponer los términos jurisdiccionales para recurrir de una determinación administrativa a una parte que no ha sido notificada de dicha determinación conforme a derecho. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). *Colón Torres v. Autoridad de Acueductos y Alcantarillados*, 143 DPR 119 (1997). Así, una notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado.

Sobre este particular, se ha establecido que las deficiencias en el contenido de la notificación de una adjudicación final administrativa privan a este foro revisor de su jurisdicción, "pues el

plazo para revisión judicial no ha comenzado a transcurrir". *P.R. Eco Park, et al. v. Mun. de Yauco*, 202 DPR 525 (2019).

-B-

Es norma claramente establecida que conforme a las disposiciones de la Ley 38-2017, *supra,* únicamente puede presentarse un recurso de revisión judicial ante este Tribunal cuando exista una determinación **final** de una agencia administrativa. Disposición similar la encontramos en la Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 y siguientes, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, la cual establece que, como Tribunal de Apelaciones, estamos facultados para revisar las "**decisiones, órdenes y resoluciones finales de organismos o agencias administrativas**". Artículo 4006(c), 4 LPRA sec. 24(y)(c). (Énfasis suplido.)

-III-

Considerado el expediente ante nuestra consideración, procede la desestimación del recurso de epígrafe por falta de jurisdicción de este foro. Ello, pues no nos encontramos realmente ante una determinación final de la Junta Revisora en la que haya adjudicado en los méritos el asunto ante si, por lo que no ha finalizado el proceso administrativo ante la Junta de Subastas y mucho menos ante la Junta Revisora. En su Resolución, la Junta Revisora se limitó a devolver el caso a la Junta de Subastas aquí recurrente para que: (1) notificare a todas las partes el *Aviso de Adjudicación Enmendado de la Subasta Formal Núm. 23J-08274*, (2) incluyendo cierta información que juzgó necesaria para a su vez poder ejercer su función revisora.

En vista de lo anterior, no hay todavía una decisión final que ponga fin al trámite administrativo, pues la Junta Revisora únicamente se expresó sobre un asunto procesal respecto a quién debe notificarse, y el contenido mínimo qué debe tener la decisión

final de la Junta de Subastas para que esta a su vez pueda ser revisable en primer término por la recurrida.

Así las cosas, y conforme a la normativa previamente expresada de que, como Tribunal de Apelaciones, únicamente estamos facultados para revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas", el único curso viable a seguir ante un recurso, a todas luces prematuro, es su desestimación. Lo anterior, torna en académica la Solicitud de Orden en Auxilio de Jurisdicción presentada por *JC Remodeling, Inc.*

-IV-

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe, por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones