ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **JOM SECURITY SERVICES, INC.**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ**<br><br>Recurrida | KLRA202500279 | **CERTIORARI** procedente de la **Junta de Subastas del Municipio Autónomo de Mayagüez**<br><br>Subasta formal Núm.: **2025-024**<br><br>Sobre: Impugnación de Subasta Servicios de Guardias de Seguridad |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA EN RECONSIDERACIÓN**

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante nos el Municipio Autónomo de Mayagüez (Municipio o parte recurrida) y Unique Security, Corp. (Unique Security o licitador agraciado) mediante unas solicitudes de reconsideración en las que suplicaron que reconsideremos la *Sentencia* emitida el 21 de mayo de 2025, notificada ese mismo día, por este Tribunal de Apelaciones.[1] Por medio de dicha determinación, resolvimos que la notificación de adjudicación de la Subasta Número 2025-024 emitida por la Junta de Subastas del Municipio el 25 de abril de 2025, y notificada el 29 de abril de 2025, carecía de varias exigencias, por lo que era defectuosa e inadecuada, y laceró el debido proceso de ley de los licitadores. En su consecuencia, desestimamos el recurso de revisión judicial

---

[1] Apéndice del recurso de revisión judicial, Anejo 1, págs. 1-5.

Número Identificador
SEN2025 _____

presentado por JOM Security Services, Inc. (JOM o parte recurrente) por falta de jurisdicción.

Por los fundamentos que discutiremos a continuación, reconsideramos nuestro dictamen apelativo y modificamos la *Sentencia* que emitimos el 21 de mayo de 2025.

**I.**

El 25 de marzo de 2025, el Municipio celebró la apertura de la Subasta Núm. 2025-024 sobre servicios de guardias de seguridad.[2] Los siguientes licitadores comparecieron a la referida subasta: Unique Security, JOM, West Security Services, Inc., Sheriff Security Services, Inc., M.L.A. Security Solution, Corp., Genesis Security Services, Inc. y St. James. La Junta de Subastas del Municipio realizó un análisis de las propuestas y utilizó como criterios de evaluación los siguientes: (1) postor más bajo; (2) postor que cumplió con las especificaciones y requisitos; (3) precio razonable; (4) mejor postor; y (5) beneficio del interés público.

Evaluadas las propuestas, el 25 de abril de 2025, la Junta de Subastas emitió la adjudicación de subasta que nos ocupa. En síntesis, la Junta de Subastas adjudicó la buena pro a Unique Security. Determinó que, conforme al Reglamento de Subastas, Unique Security fue el mejor postor, cumplió tanto con las especificaciones como con los requisitos de la subasta, tenía la experiencia necesaria y era quien mejor representaba el interés público. Por otro lado, la agencia administrativa plasmó en la notificación de la adjudicación de la subasta el derecho a revisión judicial de las partes ante el Tribunal de Apelaciones.

En específico, la notificación de la adjudicación a la subasta en cuestión incluyó la siguiente información:

Estimados licitadores:

---

[2] *Íd.*, pág. 2.

El 25 de marzo de 2025, en cumplimiento con la Ley Núm. 107-2020, según enmendada, conocida como [el] Código Municipal de Puerto Rico, y a tenor con el Reglamento de Subastas y [la] Solicitud de Propuestas del Municipio Autónomo de Mayagüez (Reglamento de Subastas), el Municipio Autónomo de Mayagüez, celebró la apertura de la **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**. A la misma, comparecieron seis (6) licitadores, a saber:

| COMPAÑÍA | GUARDIAS DESARMADOS | GUARDIAS ARMADOS |
|---|---|---|
| **Unique Security[, Corp.]** | **$12.75** | **$13.50** |
| **JOM Security Services[, Inc.]** | **$13.99** | **$14.79** |
| **West Security Services, Inc.** | **$14.30** | **$14.90** |
| **Sheriff Security Service[s], Inc.** | **$14.49** | **$15.78** |
| **M.L.A. Security Solution, Corp.** | **$15.00** | **$16.00** |
| **Genesis Security Services, Inc.** | **$15.56** | **$16.85** |
| **St. James** | **NO BID** | **NO BID** |

Luego de este proceso, la Srta. Yiraida Rodr[í]guez Mora, Gerente [del] Departamento de Servicios Administrativos, realizó un análisis exhaustivo de las propuestas y mediante comunicación del 27 de marzo de 2025, le remitió a esta Junta de Subastas, sus recomendaciones. A tales efectos, y luego del trámite y evaluación correspondiente, y de conformidad con el narrativo a continuación, determinamos adjudicar la Subasta N[ú]mero 2025-024 a la compañía: **Unique Security, Corp.**

**I. Descripción de Servicio**

Esta subasta se hizo a solicitud [de] la Srta. Yiraida Rodríguez Mora, Gerente [del] Departamento de Servicios Administrativos, para la **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**.

**II. Información General de sobre [sic] la Subasta**

El anuncio por el Municipio, incluyó la fecha de apertura de la Subasta, la cual fue pautada para el 25 de marzo de 2025, en el Salón de Conferencias de la División de Subastas en la Calle de Diego #56 Este, segundo piso del Edificio Albizu en Mayagüez, Puerto Rico.

### III. Criterios de Evaluación

Las ofertas fueron evaluadas a los fines de determinar su cumplimiento con las especificaciones de la subasta. Asimismo, se evaluó [sic] las ofertas económicas y el cumplimiento de los requisitos mínimos de elegibilidad, a saber:

- Postor más bajo
- Postor que cumple con las especificaciones y requisitos
- Precio razonable
- Mejor postor
- Beneficio del interés público

### IV. Análisis y Evaluación de las Ofertas

La Junta de Subastas, evaluó las ofertas sometidas por los licitadores, tomando en cuenta el análisis y evaluación que, a su vez, llevó a cabo la Gerente de Servicios Administrativos.

### V. Acuerdo o Determinación Final

Luego de evaluar las ofertas recibidas por los licitadores, tomando en consideración el cumplimiento con las especificaciones, así como las normas de ley y reglamentarias aplicables a estos procesos. [sic]

A tenor con los requisitos de la **SUBASTA N[Ú]MERO 2025- 024 SERVICIOS DE GUARDIAS DE SEGURIDAD**, y de conformidad con las disposiciones de la Ley [Núm.] 107[- 2020], la facultad conferida en el Reglamento de Subastas y, en beneficio del interés público, la Junta de Subastas, ha determinado por unanimidad adjudicar la Subasta Número 2025-024, a la compañía **Unique Security, Corp.** Conforme al Reglamento de Subastas, dado que fue el mejor postor, cumplieron con las especificaciones y requisitos, experiencia y teniendo presente el beneficio de adjudicación que representa al interés público.

La compañía agraciada advendrá en la obligación de presentar una **fianza de cumplimiento** que será establecida por el Gerente del Departamento. La efectividad de la Subasta de comprender [sic] desde el 1 de julio de 2025 hasta el 30 de junio de 2026.

### VI. Revisión Judicial

Toda persona o entidad que se considere adversamente afectada por esta determinación, y que hubiese participado en el proceso de subasta podrá, dentro del término de diez (10) días, contados desde la fecha del

envío por correo electrónico, o la fecha del depósito en el correo de la copia de la notificación del acuerdo final o adjudicación, lo que ocurra primero, presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones de Puerto Rico, de conformidad con lo dispuesto en el Art. 1.050 de la Ley [Núm.] 107[-2020].

**CERTIFICO**: Que, en el día de hoy 25 de abril de 2025, se ha archivado en autos copia de esta Notificación del [sic] **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD** y que se ha enviado copia de esta notificación mediante correo certificado con acuse de recibo a los proponentes participantes:

. . . .[3]

Inconforme, el 12 de mayo de 2025, JOM compareció ante nos mediante un recurso de revisión judicial y propuso los siguientes señalamientos de error:

**ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL IMPEDIRLE A LA PARTE RECURRENTE COMO LICITADOR REVISAR F[Í]SICAMENTE LOS PLIEGOS DE SUBASTA DE LOS DEM[Á]S LICITADORES PARTICIPANTES DE LA SUBASTA NÚM. 2025-024 PARA LA CONTRATACI[Ó]N DE SERVICIOS DE GUARDIAS, EN CONTRAVENCI[Ó]N CON EL ART[Í]CULO 15 DE SU PROPIO REGLAMENTO.**

**ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL LIMITAR EL ACCESO A LA INFORMACIÓN A LA PARTE RECURRENTE COMO LICITADOR DURANTE EL PROCESO DE APERTURA DE LA SUBASTA NÚM. 2025-024[,] IMPIDI[É]NDOLE EL QUE PUDIERA VERIFICAR EL CUMPLIMIENTO DE REQUISITOS [SIC] OBLIGATORIOS DE TODOS LOS LICITADORES[,] INCLUYENDO AL LICITADOR AGRACIADO UNIQUE, EN CLARA VIOLACI[Ó]N AL DEBIDO PROCESO DE LEY Y SU PROPIO REGLAMENTO.**

**ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL ADJUDICAR LA SUBASTA A LA COMPAÑÍA UNIQUE, DE MANERA ARBITRARIA Y CAPRICHOSA, EN ABIERTA VIOLACI[Ó]N AL DEBIDO PROCESO [DE LEY] Y SIN SATISFACER LOS CRITERIOS JURISPRUDENCIALES Y ESTABLECIDOS EN EL C[Ó]DIGO MUNICIPAL PARA LA NOTIFICACIÓN ADECUADA DE LA ADJUDICACIÓN DE LA SUBASTA.**

**ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL ADJUDICAR LA SUBASTA A UNIQUE Y EMITIR UNA NOTIFICACIÓN DE ADJUDICACIÓN QUE NO CUMPLE CON LOS**

---

[3] *Íd.*, págs. 2-3.

**REQUISITOS MÍNIMOS QUE ESTABLECE EL CÓDIGO MUNICIPAL DE PUERTO RICO Y SU REGLAMENTO DE SUBASTAS, FALTANDO ASÍ AL DEBIDO PROCESO DE LEY.**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ DEBIDO A QUE LA NOTIFICACIÓN DE ADJUDICACIÓN REFLEJA IRREGULARIDADES QUE LA CONVIERTEN EN NULA, VIOLENTANDO CON ELLO LAS SALVAGUARDAS DE[L] DEBIDO PROCESO [DE LEY] QUE LE ASISTEN A UN LICITADOR PERDIDOSO PARA CUESTIONAR CABAL Y OPORTUNAMENTE EL PROCESO DE ADJUDICACI[Ó]N.**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL INCUMPLIR CON SU DEBER DE NOTIFICAR, FUNDAMENTAR Y PROVEER LAS RAZONES POR LAS CUALES LA SUBASTA NO LE FUE ADJUDICADA A LOS LICITADORES NO TORNANDO [SIC] DICHA ADJUDICACIÓN EN UNA IRRAZONABLE Y ARBITRARIA.**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL NO ADJUDICAR LA SUBASTA [NÚM.] 2025-024[,] CONFORME A LOS CRITERIOS ESTABLECIDOS EN EL ART[Í]CULO 2.040 DE LA LEY N[Ú]M. 107 Y HABER SELECCIONADO A UN LICITADOR QUE NO CUENTA CON LA SOLVENCIA ECON[Ó]MICA REQUERIDA LO QUE COLOCA EN RIESGO A LA PARTE RECURRIDA DE UN INCUMPLIMIENTO DE CONTRATO.**

Evaluado el recurso, el 21 de mayo de 2025, emitimos una *Sentencia* en la que desestimamos el recurso por falta de jurisdicción. Específicamente, expusimos que la notificación de adjudicación de la Subasta Número 2025-024 era defectuosa e inadecuada, ya que carecía de las siguientes exigencias: (1) una síntesis o resumen de las propuestas sometidas por los licitadores; (2) las razones para no adjudicar a los licitadores perdidosos; **(3) el derecho a solicitar una revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales (ASG) dentro del término de diez (10) días laborables, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública; y (4) la fecha del**

**archivo en autos de copia de la notificación**, así como la fecha desde la cual comenzará a transcurrir el término para impugnar la subasta de que trate.

Oportunamente, el 28 de mayo de 2025, el Municipio solicitó la reconsideración de dicha determinación a los efectos de aclarar que el requisito de advertir sobre el derecho a solicitar una revisión administrativa ante la Junta Revisora de Subastas de la ASG no les aplicaba a los municipios.

De igual modo, el 4 de junio de 2025, Unique Security suplicó la reconsideración de la misma sentencia, a los fines de aclarar que la notificación de adjudicación en cuestión no carecía de una fecha de archivo en autos de la copia de notificación porque estaba incorporada en la misma, y que tampoco carecía del requisito de informar acerca del derecho a solicitar una revisión administrativa ante la ASG dentro de diez (10) días laborables. Esto último, pues sostuvo que dicho término era inaplicable a los procesos de licitación pública de los municipios.

**II.**

**A.**

La subasta tradicional y el requerimiento de propuestas, conocidas en inglés como *Request for Proposal* (RFP), son métodos por los que el gobierno central y el municipal adquieren bienes y servicios. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas)*, 202 DPR 525, 531 (2019). Por medio de estos se protegen los intereses del gobierno, ya que procuran conseguir "los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Caribbean Communications v. Pol. De P.R.*, 176 DPR 978, 994 (2009). Por lo tanto, mientras exista pureza en estos procedimientos, los cuerpos estatales y municipales promoverán la libre competencia entre los

licitadores. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra,* pág. 531.

Los procedimientos administrativos sobre adjudicación de subastas y el RFP se consideran procedimientos informales y cuasijudiciales, y, salvo la solicitud de reconsideración y revisión judicial, no están sujetos a la *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (LPAU),* Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA secs. 9601 *et seq. Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra,* pág. 533. Lo anterior significa que "las agencias gubernamentales tienen la facultad de aprobar un reglamento para establecer el procedimiento y las guías que se han de seguir en sus propias subastas". *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 346 (2016). **A pesar de lo anterior, "debido a que los municipios están expresamente excluidos de la definición de 'agencia', a estos <u>no</u> les aplica las disposiciones de la LPAU"**. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra,* pág. 533. (Énfasis suplido). Por lo tanto, las subastas tradicionales y los RFP que adjudique una Junta de Subastas municipal están regulados por el Código Municipal, del *"Código Municipal de Puerto Rico" (Código Municipal),* Ley Núm. 107 del 13 de agosto de 2020, según enmendada, 21 LPRA secs. 7001 *et seq.,* y el Reglamento para la Administración Municipal de 2016 (Reglamento para la Administración Municipal), Reglamento Núm. 8873, Oficina del Comisionado de Asuntos Municipales, 19 de diciembre de 2016.

En particular, el Código Municipal, *supra,* recopila toda la legislación municipal aprobada por la Asamblea Legislativa con relación a la organización, el gobierno, la administración y el funcionamiento de los municipios. Artículo 1.002 del Código Municipal, *supra,* sec. 7002. Según este código, todos los municipios

deben constituir y tener una Junta de Subastas, y esta será la encargada de "entende[r] y adjudica[r] todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros". Artículo 2.038 del Código Municipal, *supra*, sec. 7214; Artículo 2.040 del Código Municipal, *supra*, sec. 7216; véase además, Artículo 8.001(141) del Código Municipal, *supra*, sec. 8351. Los criterios para llevar a cabo la adjudicación son los siguientes:

> a. *Criterios de adjudicación* — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.
>
> La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.
>
> La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta[s] notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.
>
> Artículos 2.040(a) y 1.050 del Código Municipal, *supra*, sec. 7216 & 7081; Sección 11 y Sección 13(3) del Reglamento para la Administración Municipal, *supra*, págs. 110-111, 119.

La determinación final de la Junta de Subastas se deberá notificar por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y deberá estar firmada por el Presidente de dicha Junta. Sección 13(2) del Reglamento para la Administración Municipal, *supra*, pág. 118. Asimismo, la notificación de la adjudicación que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

b) síntesis de las propuestas sometidas;

c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

e) **fecha de archivo en auto de la copia de la notificación** y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

Sección 13(3) del Reglamento para la Administración Municipal, *supra*, pág. 119 (Énfasis suplido).

Además, para que la notificación de la Junta de Subastas sea adecuada, esta tiene que cumplir con varios requisitos de carácter jurisdiccional; a saber:

(1) es por escrito; (2) es enviada a los licitadores por correo regular y certificado con acuse; (3) advierte a los participantes el derecho a solicitar la revisión judicial ante el Tribunal de Apelaciones; (4) indica que el término de diez días para ir en alzada es de carácter jurisdiccional; (5) **señala, además, dos fechas fundamentales, a saber:** (i) **la del archivo en auto de la copia de la notificación de adjudicación** y (ii) la relacionada con el depósito de la notificación en el correo y que a partir de esta última es que se activa el plazo para acudir al Tribunal de Apelaciones.

*Puerto Rico Eco Park, Inc. v. Municipio de Yauco* (Junta de Subastas), *supra*, pág. 537 (Énfasis suplido).

Resaltamos lo anterior, toda vez que una notificación inadecuada podría afectar el derecho de una parte a cuestionar la decisión tomada por el organismo administrativo debilitando así las garantías del debido proceso de ley. *Punta Arenas Concrete, Inc. v. J. Subastas, supra*, pág. 741 (*citando a Colón Torres v. A.A.A.*, 143 DPR 119, 124 (1997)); véase además, *IM Winner, Inc. v. Junta de Subastas del Gobierno Municipal de Guayanilla*, 151 DPR 30, 38 (2000). Además, al requerir que se incluyan los fundamentos en la notificación, los tribunales pueden revisar dichos fundamentos para establecer si la determinación fue arbitraria, caprichosa o irrazonable. *Punta Arenas Concrete, Inc. v. J. Subastas*, *supra*, pág. 742. "Este aspecto cobra especial importancia en el caso de subastas públicas, ya que implican directamente el desembolso de fondos públicos". *Punta Arenas Concrete, Inc. v. J. Subastas*, *supra*, pág. 742; *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 879 (1999).

### III.

Concluimos que procede enmendar la *Sentencia* que emitimos el 21 de mayo de 2025 solamente a los efectos de aclarar que la notificación en cuestión contenía la fecha de su archivo, y que no era necesario que se incluyera en dicha notificación el término para solicitar revisión administrativa ante la ASG.

En primer lugar, Unique Security adujo que la notificación de adjudicación de epígrafe exponía la fecha del archivo en autos de la copia de la notificación. De una lectura cuidadosa de la misma se desprende que la Junta de Subastas informó: "**CERTIFICO**: Que, en el día de hoy 25 de abril de 2025, se ha archivado en autos copia de esta Notificación del [sic] **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**".[4] Por lo tanto, le asiste razón a Unique Security, y reconsideramos nuestro dictamen

---

[4] *Íd.*, pág. 3.

a los efectos de aclarar que la notificación de adjudicación de la Subasta Número 2025-024 cumplió con dicho requerimiento. Sección 13(3) del Reglamento para la Administración Municipal, *supra*, pág. 119; *Puerto Rico Eco Park, Inc. v. Municipio de Yauco* (Junta de Subastas), *supra*, pág. 537.

Segundo, tanto Unique Security como el Municipio arguyeron que la Sección 3.19 de la LPAU, *supra*, sec. 9659, no les aplicaba a los procesos adjudicativos de subastas llevados a cabo por los municipios. Indicaron que las subastas de los municipios se regían por el Código Municipal, *supra*, y el Reglamento para la Administración Municipal, *supra*. En apoyo a lo anterior, el Municipio aludió a la Sección 3.19 de la LPAU, *supra*, sec. 9659, la cual expone que "[l]os procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, **salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada**". (Énfasis suplido). Asimismo, señalaron que el Artículo 3 de la *"Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019"*, Ley Núm. 73 del 19 de julio de 2019, según enmendada, 3 LPRA sec. 9831b, exponía que "[l]a Rama Judicial, la Asamblea Legislativa, la Universidad de Puerto Rico y los municipios podrán, **de forma voluntaria**, adoptar los procesos de compras y subastas de bienes, obras y servicios aquí establecidos, a través de la Administración de Servicios Generales". (Énfasis suplido).

Según pormenorizamos anteriormente, los procedimientos administrativos sobre adjudicación de subastas y el RFP se consideran procedimientos informales y cuasijudiciales, y, salvo la solicitud de reconsideración y revisión judicial, no están sujetos a la LPAU, *supra. Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra*, pág. 533. Lo anterior significa que "las agencias

gubernamentales tienen la facultad de aprobar un reglamento para establecer el procedimiento y las guías que se han de seguir en sus propias subastas". *CD Builders v. Mun. Las Piedras, supra*, pág. 346. **A pesar de lo anterior, "debido a que los municipios están expresamente excluidos de la definición de 'agencia', a estos no les aplica las disposiciones de la LPAU"**. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco (Junta de Subastas), supra*, pág. 533. (Énfasis suplido). Por lo tanto, las subastas tradicionales y los RFP que adjudique una Junta de Subastas municipal están regulados por el Código Municipal, *supra*, y el Reglamento para la Administración Municipal, *supra*.

En el presente caso, como la Junta de Subastas del Municipio emitió la notificación en cuestión, no le aplicaba la Sección 3.19 de la LPAU, *supra*, sec. 9659. En cambio, dicha notificación tenía que incorporar los requerimientos dispuestos en Reglamento para la Administración Municipal, *supra*, y reiterados por nuestro alto foro; a saber:

> a) nombre de los licitadores;
>
> b) síntesis de las propuestas sometidas;
>
> c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
>
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
>
> e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.
>
> Sección 13(3) del Reglamento para la Administración Municipal, *supra*, pág. 119; *Puerto Rico Eco Park, Inc. v. Municipio de Yauco* (Junta de Subastas), *supra*, pág. 537.

Por lo tanto, modificamos nuestra *Sentencia* del 21 de mayo de 2025 para esclarecer también que el término para recurrir a la

ASG por medio de un recurso de revisión administrativa no era un requisito que debía incorporarse en la notificación en cuestión. En su consecuencia, resolvemos que, luego de un examen cuidadoso y objetivo de la notificación de adjudicación de la Subasta Número 2025-024, y conforme a los argumentos incluidos en las solicitudes de reconsideración, la misma era defectuosa e inadecuada, ya que carecía de las siguientes exigencias: (1) una síntesis o resumen de las propuestas sometidas por los licitadores; (2) las razones para no adjudicar a los licitadores perdidosos; y (3) la fecha desde la cual comenzará a transcurrir el término para impugnar la subasta de que trate.

**IV.**

Por las razones discutidas anteriormente, reconsideramos nuestro dictamen apelativo y modificamos la *Sentencia* que emitimos el 21 de mayo de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones