Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-203

| IRMA R. MOYENO VALLE | | Revisión Administrativa procedente de la Junta de Apelaciones de la Autoridad de Carreteras y Transportación |
|---|---|---|
| Recurrente | | |
| | TA2025RA00259 | Caso Núm.: 2024 ACT 182 |
| v. | | |
| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN | | Sobre: Impugnación Nombramiento (Convocatoria Núm. 2025-006) |
| Recurrida | | |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece la señora Irma R. Moyeno Valle mediante recurso de revisión judicial y solicita que revoquemos la *Resolución Final* de la Junta de Apelaciones de la Autoridad de Carreteras y Transportación (ACT), emitida el 28 de julio de 2025. En dicho dictamen, se desestimó el recurso de apelación administrativo de la recurrente por falta de jurisdicción. Por los fundamentos que expondremos, revocamos la *Resolución Final* recurrida.

En síntesis, el caso de epígrafe trata de una impugnación de nombramiento. Según el expediente, y en lo pertinente a nuestra determinación, el 4 de septiembre de 2024, la ACT le informó a la señora Moyeno Valle que ésta no fue aceptada para el puesto de Gerente de Oficina Asesora de Comunicaciones, según descrito en la

Convocatoria 2025-006 de la agencia. Inconforme, el 12 de septiembre de 2024, la recurrente solicitó reconsideración, citando la ahora derogada Sección 19.7 del Reglamento de Personal, Reglamento Núm. 8111 de 30 de noviembre de 2011 para fundamentar la jurisdiccionalidad de su recurso.

Con fecha de 23 de septiembre de 2024, el Director Ejecutivo de la ACT respondió mediante una carta la denegatoria de reconsiderar su determinación previa e instruyó a la señora Moyeno Valle que, de no estar de acuerdo con lo determinado, ésta tenía derecho "a radicar un recurso de reclamación ante la Junta de Apelaciones conforme a lo establecido en el Artículo 19, Sección 19.7 del Reglamento de Personal". Emitida esta determinación, el 28 de septiembre de 2024, el correo postal de Estados Unidos (USPS) intentó entregar a la recurrente la notificación de la denegatoria, pero al no identificar a alguna persona autorizada para recibir dicha carta, archivaron la misma en su oficina hasta que la señora Moyeno Valle la recogió el 30 de septiembre de 2024.

Sabiendo de la denegatoria, el 21 de octubre de 2024, la señora Moyeno Valle apeló ante la Junta de Apelaciones de la ACT. No obstante, la recurrida solicitó la desestimación por la recurrente haber presentado su recurso luego de los veinte (20) días fatales y jurisdiccionales dispuestos en el Reglamento Núm. 8111. En oposición, la recurrente alegó que el Reglamento Núm. 8111 dispone "se entenderá" como denegado de plano toda solicitud de reconsideración que no reciba una respuesta de la agencia dentro del término de quince (15) días, por lo que razonó que una determinación emitida dentro de dicho término, más la recurrente haber sido notificada fuera de ese

plazo, no le priva de jurisdicción a la Junta de Apelaciones. Además, argumentó que la notificación de la determinación denegatoria fue inadecuada por no ser suficientemente detallada en cuanto al derecho de la señora Moyeno Valle de apelar la denegatoria.

Luego de otras réplicas y dúplicas, la Junta de Apelaciones desestimó el recurso por falta de jurisdicción, al haberse presentado fuera del término fatal y jurisdiccional permitido por el Reglamento Núm. 8111. Ante la solicitud de reconsideración, la Junta de Apelaciones resolvió sin lugar.

Insatisfecha, la recurrente acude ante este Tribunal y alega que la Junta de Apelaciones erró al (1) concluir que la notificación de la denegatoria de la reconsideración recibida el 30 de septiembre de 2024 cumple con las garantías mínimas del debido proceso de ley; y (2) desestimar la apelación toda vez que esta fue presentada oportunamente. En oposición, y en lo pertinente a nuestra determinación, la recurrida argumenta que (1) al amparo del Reglamento Núm. 8111, el 27 de septiembre de 2024 fue el último día que la agencia podía responder a la solicitud de reconsideración de la recurrente, por lo cual ésta última tenía hasta el 17 de octubre de 2024 para recurrir ante la Junta de Apelaciones; y (2) por el foro administrativo carecer de la autoridad para adjudicar la controversia, el Tribunal de Apelaciones no puede asumir competencia sobre el caso.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o

agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas, ordinariamente a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. *Vélez Rodríguez v. ARPe*, 167 DPR 684 (2006). Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de PR*, 176 DPR 978 (2009).

Conforme lo anterior, el debido proceso de ley incluye el derecho de toda persona cuestionar la determinación de una agencia mediante revisión judicial, por lo cual es requisito indefectible la adecuada notificación de cualquier determinación administrativa que afecte los

intereses propietarios de un ciudadano. *Picorelli López v. Depto. de Hacienda*, 179 DPR 720 (2010) (citando a *Colón Torres v. AAA*, 143 DPR 119 (1997); *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24 (1996)). El deber de las agencias notificar a las partes una decisión administrativa de forma adecuada y completa no constituye un mero requisito, ya que una notificación insuficiente podrá provocar consecuencias adversas a la sana administración de la justicia, tal como privarle a un foro revisor de la jurisdicción para atender la controversia y así impidiendo el comienzo del término para recurrir de dicha determinación. Íd. (citando a *Olivo v. Srio. de Hacienda*, 164 DPR 165 (2005)). Véase, también, *St. James Security Services, LLC v. AEE*, 213 DPR 366 (2023). Tal notificación adecuada brinda a todas las partes la oportunidad de advenir en conocimiento real de la decisión tomada, en cuanto que esta les otorga a dichas partes la discreción de ejercer o no los remedios disponibles por ley. *Picorelli López v. Depto. de Hacienda*, *supra*.

Sabido esto, el Reglamento Núm. 8111 dispone que todo empleado gerencial afectado e inconforme por una decisión del Director Ejecutivo de la ACT respecto a transacciones de persona sobre clasificación de puestos, reclutamiento y selección, deberá presentar una solicitud de reconsideración ante dicho Director Ejecutivo en el término de veinte (20) días contados a partir de la fecha en que recibió la notificación. Reglamento de Personal, *supra*, pág. 168.[1] Esto es, tomando en cuenta que del solicitante no haber recibido contestación dentro de los quince (15) días de haberse presentado la solicitud de

---

[1] Por el procedimiento administrative haber comenzado antes de la vigencia del Reglamento de Personal, Reglamento Núm. 9670 de 9 de mayo de 2025, utilizaremos el Reglamento Núm. 8111 para fundamentar nuestra determinación.

reconsideración, se entenderá que dicha solicitud fue denegada de plano. Íd. De no recibir una contestación dentro de estos quince (15) días, la parte solicitante deberá presentar apelación ante la Junta de Apelaciones dentro del término fatal y jurisdiccional de veinte (20) días. Íd. No obstante, y similar a la presente controversia, si dentro del plazo de quince (15) días la agencia deniega expresamente la moción de reconsideración, el término para solicitar a una revisión judicial comenzaría a partir de la fecha de la notificación de tal decisión. *Flores Concepción v. Taíno Motors*, 168 DPR 504 (2006) (citando a *Misión Ind. PR v. JP*, 146 DPR 64 (1998)).

En el presente caso, la Junta de Apelaciones erró al desestimar el recurso de la recurrente por falta de jurisdicción. Del expediente se desprende que la ACT emitió su denegatoria a reconsiderar su decisión el 23 de septiembre de 2024, es decir, dentro de los quince (15) días dispuestos por el Reglamento Núm. 8111. Aunque dicho Reglamento dispone que se entenderá denegado de plano la solicitud de reconsideración cuando la solicitante no haya recibido contestación dentro de los quince (15) días de haberse presentado la solicitud, la ACT controvirtió esta presunción al considerar oportunamente su determinación y notificarla puntualmente.

Por tanto, por ser el 30 de septiembre de 2024 la fecha en que la recurrente fue notificada concretamente de la denegatoria de reconsideración, y ésta haber presentado su recurso de apelación administrativo dentro de los veinte (20) días siguientes—excluyendo el domingo, 20 de octubre de 2024—la Junta de Apelaciones tiene jurisdicción sobre la materia y, por tanto, deberá atender la controversia en sus méritos.

Por los fundamentos expuestos, revocamos la *Resolución Final* recurrida y devolvemos el caso para la continuación de los procedimientos de conformidad con la presente sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones