ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALEXIS TORO SANTIAGO Y OTROS (12) PETICIONARIOS V. MUNICIPIO DE SAN JUAN RECURRIDO | KLRA202500292 | *REVISIÓN JUDICIAL* procedente de la Comisión Apelativa del Servicio Público _____ Caso Núm.: 2003-03-1007 _____ SOBRE: Beneficios Marginales |

Panel integrado por su presidente el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G. Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 13 de agosto de 2025.

Comparecen Alexis Toro Santiago y otros doce (12) Co-Peticionarios ("Peticionarios") y solicitan que revoquemos la Resolución emitida el 22 de abril de 2025 por la Comisión Apelativa del Servicio Público ("CASP"). En esa ocasión, la CASP desestimó el recurso presentado por los Peticionarios por falta de jurisdicción.

Por los fundamentos que exponemos a continuación, **confirmamos** la Resolución impugnada.

-I-

A continuación, exponemos los hechos pertinentes a la controversia de epígrafe.

Según surge de los autos del caso, el 25 de mayo del año 2000 los Peticionarios presentaron una reclamación ante la alcaldesa del Municipio de San Juan sobre una licencia compensatoria a supervisores del Departamento de Obras Públicas.[1] El 6 de junio del mismo año, la directora de Recursos Humanos les indicó que no procedía la reclamación,

---

[1] Véase Apéndice del Alegato en Oposición, págs. 11-13.

NÚMERO IDENTIFICADOR:

SEN2025_____

toda vez que los supervisores están exentos de recibir tiempo compensatorio según lo establecían las guías emitidas por el Departamento de Trabajo federal.[2] Tiempo después, el 28 de marzo de 2001, los Peticionarios presentaron una Demanda de salarios contra el Municipio de San Juan ("Municipio" o "Recurrido").[3] Posteriormente, el Tribunal de Primera Instancia emitió una Resolución el 10 de enero de 2003 en la que se declaró sin jurisdicción para atender el recurso. Además, le indicó a los Peticionarios que debían acudir a la Junta de Apelaciones del Sistema de Administración de Personal ("JASAP").[4] El 13 de marzo de 2003, los Peticionarios presentaron un recurso titulado "*Apelación*"[5] ante la JASAP solicitando el pago de las cantidades reclamadas en concepto de licencia compensatoria acumulada. Luego de múltiples trámites procesales, el 23 de junio de 2024, el Municipio presentó una *Solicitud Para Que Se Dicte Resolución Sumaria Desestimatoria*[6]. El 12 de febrero de 2025, los Peticionario presentaron una *Oposición a Solicitud de Desestimación*[7]. Así, el 22 de abril de 2025 la CASP emitió una *Resolución*[8] en la que señaló que los Peticionarios incurrieron en negligencia en el reclamo de un derecho causando perjuicio a la parte adversa. Por tal razón, desestimó el recurso por falta de jurisdicción.

---

[2] *Íd.*, págs. 14-15.
[3] Véase Resolución emitida por la Comisión Apelativa del Servicio Público con fecha de 22 de abril de 2025.
[4] Véase la Sentencia emitida por este Tribunal el 28 de diciembre de 2006 (KLRA20060929). Es menester señalar que la Ley Núm. 5 de 14 de octubre de 1975, también conocida como la "*Ley de Personal de Servicio Público de Puerto Rico*" creó la Junta de Apelaciones del Sistema de Administración de Personal. Con la aprobación de la Ley Núm. 184 de 3 de agosto de 2004, se eliminó la Junta de Apelaciones del Sistema de Administración de Personal y se creó la Comisión Apelativa del Servicio Público. Ahora bien, con el Plan de Reorganización Núm. 6 de 2010, también conocido como "*Plan de Reorganización de la Comisión Apelativa del Servicio Público*", se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público para crear la Comisión Apelativa del Servicio Público.
[5] Véase Apéndice del Alegato en Oposición, págs. 17-23.
[6] *Íd.*, págs. 24-61.
[7] *Íd.*, págs. 75-77.
[8] *Íd.*, págs. 3-10.

Inconforme con dicha determinación, el 22 de mayo de 2025, los Peticionarios presentaron un recurso titulado *Apelación*[9] alegando como error que "*nunca recibieron ninguna información sobre interpretación de parte de la junta en cuanto a la defensa de incuria…*"[10] El 20 de junio de 2025, el Municipio presentó su *Alegato en Oposición a Recurso de Revisión de Administrativa* alegando que la CASP carece de jurisdicción para atender el recurso.

-II-

**A. Deferencia administrativa**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[11] ("LPAUG") autoriza la revisión judicial de las decisiones de las agencias administrativas. Es un principio establecido que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[12] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[13] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo

---

[9] Por tratarse de un asunto de índole administrativa, nos encontramos ante un recurso de *revisión administrativa*.
[10] Véase pág. 6 del recurso.
[11] Ley Núm. 38 de 30 de junio de 2017, según enmendada.
[12] *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *O.E.G. v. Martínez Giraud*, 2022 TSPR 93, 210 DPR ___ (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[13] *Íd.*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[14]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[15] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[16] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[17] Nuestro máximo foro ha expresado que esta intervención "*debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley.*"[18] Siendo así, aquellas determinaciones de hechos formuladas por el ente

---

[14] *Íd.*; *Véase*, además, *Super Asphalt v. AFI y otro*, supra, a la pág. 819.
[15] *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, a la pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, a la pág. 127.
[16] *Íd.*
[17] *O.E.G. v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217.
[18] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36.

administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[19]

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[20] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[21] Ahora bien, nuestro más alto foro ha establecido que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[22]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, *"la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia."*[23]

**B. Jurisdicción**

Es norma reiterada en nuestro ordenamiento jurídico procesal que los *"tribunales deben ser celosos guardianes de*

---

[19] *Íd.; O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.
[20] *Véase* Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627.
[21] *Íd.*
[22] *Torres Rivera v. Policía de PR*, supra, págs. 627-628; *O.E.G. v. Martínez Giraud*, supra, pág. 90.
[23] *O.E.G. v. Martínez Giraud*, supra, pág. 91.

*su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[24] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[25] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[26]

Por otro lado, nuestro ordenamiento jurídico le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[27] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento.[28] El incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial.[29] Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[30]

A pesar de que se ha dicho que un foro apelativo debe aplicar su reglamento de manera flexible, esta aplicación se emplea únicamente:

> [...] *en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación, sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o*

---

[24] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[25] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[26] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[27] *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019).
[28] *Íd.*, pág. 590.
[29] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).
[30] *Isleta v. Inversiones Isleta Marina*, supra, pág. 590; *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 176 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008).

*al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro* […][31]

Se ha resuelto que el promovente de un recurso está obligado a cumplir con lo dispuesto en el reglamento para poder perfeccionar su recurso, ya que su incumplimiento podría acarrear su desestimación.[32]

**C. Junta de Apelaciones del Sistema de Administración de Personal**

En lo que respecta a la jurisdicción de la JASAP, la derogada Ley Núm. 5 del 14 de octubre de 1975 dispone lo siguiente:

> Con sujeción a las excepciones que se establecerán más adelante en esta ley, se podrá apelar de las acciones o decisiones de la Oficina Central, de los Administradores Individuales, y de las autoridades nominadoras, en los casos y por las personas que se especifican a continuación:

(1) En casos de destitución o suspensión de empleo y sueldo por un empleado de carrera que esté dentro del Sistema de Personal, o cuando alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda a virtud de las disposiciones de esta ley, del Reglamento que se apruebe para instrumentar esta Ley, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a esta ley. Las acciones que interpongan los empleados y que estén relacionadas con las áreas esenciales al principio de mérito, según señaladas en la Sección 4.1 del Artículo 4 de esta ley, serán vistas en primera instancia por la Junta. [33]

> […]

Por su parte, en lo referente al procedimiento de apelación, la Sección 7.15, en parte pertinente, lee como sigue:

> (1) La parte afectada según la sección 7.14, deberá presentar escrito de apelación a la Junta dentro de treinta (30) días a partir de la notificación de la acción o decisión objeto de la apelación.[34]

---

[31] *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998). (Énfasis omitido). (Citas omitidas).
[32] *Febles v. Romar*, 159 DPR 714 (2003).
[33] Ley Núm. 5 del 14 de octubre de 1975, también conocida como *Ley de Personal del Servicio Público*, Sección 7.14.
[34] *Íd.*, Sección 7.15.

[…]

## D. Doctrina de Incuria

Nuestro más alto foro ha expresado que existe incuria cuando hay "*dejadez o negligencia en el reclamo de un derecho, lo cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad*".[35] La doctrina reclama dos elementos esenciales: (1) la dilación injustificada en la presentación del recurso; y (2) el perjuicio que ello pueda ocasionar a otras personas.[36] Hace más de cincuenta años, el Tribunal Supremo propuso el siguiente esquema de análisis para la satisfacción de la doctrina de incuria:

> Cuando la demora no perjudica a nadie o el perjuicio causado es leve, si se le compara con el daño que sufriría el peticionario o el público en caso de no liberarse el auto, el lapso de tiempo transcurrido tiene que ser grande para que exista la incuria equitativa. En cambio, aunque la dilación sea relativamente corta, si resulta en detrimento para el interés público o los derechos individuales del acusado, procede denegar el auto a base de la doctrina de laches.[37]

Así, nuestro Tribunal Supremo ha establecido que para aplicar la doctrina de incuria no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso. Circunstancias tales como la justificación, si alguna, de la demora incurrida, el perjuicio que esta acarrea y el efecto sobre intereses privados o públicos involucrados deben ser considerados.[38] Resulta esencial tener en cuenta los hechos específicos del caso, ya que la doctrina de incuria está atada a "*la idea fundamental de la equidad; se acude a la 'razón' y a la*

---

[35] *Colón Torres v. A.A.A.*, 143 DPR 119, 124 (1997).
[36] *Torres Arzola v. Policía de P.R.*, 117 DPR 204, 209 (1986).
[37] *Pueblo v. Tribl. Superior*, 81 DPR 904, 912 (1960).
[38] *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1020 (2008).

*'conciencia' para encontrar soluciones justas, apartándose del rigorismo intransigente de los términos fatales"*.[39]

-III-

Según se desprende de los autos del caso, nos encontramos ante una controversia que se originó hace más de veinte años, en la cual los Peticionarios alegan haber trabajado horas extras y solicitan el pago retroactivo de estas.

El 6 de junio del año 2000, los Peticionarios advinieron en conocimiento de que no les correspondía el pago solicitado por tratarse de empleados exentos, según la legislación federal. Siendo así, los Peticionarios tenían hasta el 6 de julio del año 2000 para presentar su apelación ante la JASAP. Sin embargo, dicho trámite se hizo el 13 de marzo de 2003, es decir **dos (2) años y ocho (8) meses posteriores** a la fecha de vencimiento del término. Cabe señalar que los Peticionarios no demostraron justa causa para tal dilación. Además, según ha expresado nuestro más alto foro, debemos evaluar si la tardanza resulta en detrimento para el interés público. Es evidente que la tardanza excesiva que ocurrió en el presente caso afectó el perfeccionamiento del recurso. Además, este tipo de dilación incide en los esfuerzos de la parte recurrida al tener que indagar y obtener información sobre hechos ocurridos años antes. Por lo tanto, luego de evaluar las circunstancias particulares del caso de epígrafe, concluimos que los Peticionarios no fueron diligentes en la tramitación del recurso y tampoco demostraron tener justa causa para ello.

Según discutimos en el acápite II de esta Sentencia, un tribunal no tiene discreción para asumir jurisdicción donde no la tiene, ya que la ausencia de jurisdicción es un asunto

---

[39] *Pueblo v. Tribunal Superior*, supra, pág. 912 (1960).

insubsanable. Por lo tanto, ante un escenario como el de autos en el que la parte recurrida presentó el recurso fuera del término provisto, no existe otra alternativa que la de desestimar el caso, tal como lo hizo la CASP.

-IV-

Por los fundamentos antes expresados, se **confirma** la Resolución emitida por la Comisión Apelativa del Servicio Público.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones